ISAAC KUHN, Appellee, *vs.* SAMUEL EPPSTEIN *et al.* Appellants.

*Opinion filed April 23, 1909.*

1. APPEALS AND ERRORS—*specific directions to trial court are the law of the case.* Where a specific performance case is remanded, with directions to ascertain the depreciation in market value of the premises due to the existence of an encumbrance and the destruction of the building by fire, such directions become the law of the case, and the question whether the proper measure of damages is the depreciation in market value or the cost of replacing the building cannot be re-litigated.

2. SAME—*when party should not be heard to complain that evidence was not proper.* A party ought not to be heard to complain, on appeal, that the evidence introduced by his opponent was not proper for the purpose of ascertaining depreciation in market value, where the evidence which he introduced on such subject was of the same character as that of his opponent.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding.

WILLIAM E. O'NEILL, and A. D. MULLIKEN, for appellants.

RAY & DOBBINS, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

This case is here again on its itinerary ·from court to court. (*Kuhn* v. *Eppstein,* 219 Ill. 154; *Eppstein* v. *Kuhn,* 225 id. 115; *Kuhn* v. *Eppstein,* 231 id. 314.) On the former appeals the questions of law involved were settled, but on the second appeal it was found that the proof was not in such condition as to enable us to determine the amount to be abated from the purchase price on account of the lease and destruction of the building. The cause was remanded to the circuit court with directions to hear further testimony of the parties, or either of them, as to the difference in value of the premises resulting from the encumbrance by virtue of the lease to McDonnell and the deterioration in the market value caused by the fire. If the proof showed that the market value of the premises had been diminished by one or both of those causes, the amount of such diminution was to be deducted from the purchase price of $7000 and a conveyance was to be made to appellee upon payment by him·of the balance. The circuit court referred the cause to a special master to take and report the evidence on that subject. The master reported that the evidence failed to show any definite amount of depreciation in market value on account of the lease to McDonnell and therefore an allowance of nominal damages, only, could be made on that account, and that the market value of the premises was depreciated on account of the fire on December 22, 1904, to the amount of $3918. Both parties objected to the findings and excepted to the same when filed, but their exceptions were overruled. A decree was entered finding that the market value of the premises had been damaged $3918, which being deducted from the contract price of $7000 left a balance of $3082 due the appellants, and the decree directed a delivery of the deed held by the bank or the execution of a deed by the special mas-

ter on payment by the appellee of said amount. From that decree appellants took an appeal to the Appellate Court for the Third District, where both parties assigned errors on the record. The Appellate Court affirmed the decree, and this further appeal was prosecuted.

Appellants have assigned errors and the appellee cross-errors on the amount allowed as damages.

Both parties have argued the question whether the proper measure of damages was the cost of replacing the building or depreciation in market value, but that question was settled on a former appeal. The direction to ascertain the depreciation in market value by reason of the existence of the lease and the destruction of the building by fire became the law of the case, and the strife over that question is both unnecessary and improper. The circuit court was bound to follow, and did follow, the direction, and the report of the master related to the amount of depreciation in market value. The master found in favor of appellants as to the lease to McDonnell and allowed nothing on that account, but they excepted to the report just the same, for the reason that the master said the value was probably less but no amount was proved. The statement worked no injury to appellants, since neither the master nor the court allowed any damages on account of the lease. Appellants also excepted to the finding of the depreciation in market value on account of the fire, and their complaint is that it was based on testimony as to the cost of erecting a new building in place of the one destroyed. The evidence which they offered related to the value of the lot at the time the testimony was given, several years after the fire, which was not competent, and the testimony of two contractors from Chicago, one of whom said that he could put up the building for $2100, and the other that he would undertake to put it in its former condition for $2140. If the evidence for the appellee was incompetent so was that for the appellants, and they ought not to be heard to complain that

evidence of the same character which they offered was not proper. There was some testimony offered by appellee as to the worth of the building when destroyed, but appellants made no objection to it as a proper basis for ascertaining the depreciation in market value and all objections to testimony were made on some other ground. There was competent evidence on the part of appellee sufficient to sustain the finding of the master and the court.

The cross-errors assigned by appellee question the rulings of the court on his exceptions and the findings of the decree, and it is first contended that there was error in the finding that the evidence did not show any definite amount of damages sustained by reason of the lease to McDonnell. No evidence is pointed out showing depreciation in market value on account of the lease. Appellee testified that he gave $1000 or $1200 more than he would have given if there had been no lease, and his solicitor testified that there was an attempt to buy McDonnell out, which failed. That testimony did not tend to prove market value. The appellee also insists that the allowance for the destruction of the building was too small and that the evidence would have justified more. There was testimony for the appellee which would have indicated a less amount and there was also testimony of a greater amount, and there seems to have been a general strengthening of the views of his witnesses on that subject on the second hearing before the special master. We have concluded, from reading all the evidence, that the master and court did not err in respect to the amount allowed for damages.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*