ANTON SUPOLSKI, Defendant in Error, *vs.* THE FERGUSON & LANGE FOUNDRY COMPANY, Plaintiff in Error.

*Opinion filed February 16, 1916.*

1. NEGLIGENCE—*it is sufficient to prove enough of the negligence charged to make out a case.* In an action of tort it is not necessary to prove all that is alleged in the declaration, provided enough of the negligence alleged is proved to make out a case.

2. SAME—*what defects and omissions are cured by verdict.* Where a count in a declaration is defective, if the defects and omissions are of such a character that they can only be availed of by demurrer they are cured by verdict.

3. SAME—*what not such a variance as can be availed of after verdict.* The fact that one count of the declaration alleges that no system of warning before the beginning of an operation dangerous to near-by employees had been established, whereas the proof tends to show that there was such a system but that no warning was given at the particular time of plaintiff's injury, does not constitute such a variance as can be availed of after verdict.

4. SAME—*whether means adopted in lieu of enclosing danger-ous machine were sufficient is a question for the jury.* Whether the providing of a shanty near a machine for breaking scrap iron, into which shanty employees in the vicinity could take refuge upon being warned that the machine was about to operate, is a sufficient compliance with the statute regarding the enclosing or fencing of dangerous places in mills and factories, is properly left to the jury under proper instructions.

5. SAME—*when permitting witness to give opinion is not er-ror.* Permitting a former foreman of the defendant foundry com-pany to give an opinion that a certain machine might have been enclosed or fenced is not error if the experience of the witness qualifies him to give an opinion, as the subject is not one within the knowledge or experience of an ordinary person.

6. SAME—*when permitting statement of a witness to stand is not error.* It is not error to permit a statement by a witness that "there is a shanty there for the man who pulls the rope" to re-main in the record if there is other evidence that the shanty was used for that purpose even though it was also used by other em-ployees as a place of refuge, as there is nothing in such statement to indicate the shanty was not used by other employees.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

MILLER, GORHAM & WALES, WILLIS G. SHOCKEY, and GILBERT NOXON, for plaintiff in error.

FRANK A. ROCKHOLD, and CHARLES C. SPENCER, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action brought in the circuit court of Cook county against plaintiff in error, by defendant in error, for injuries sustained by him while at work in plaintiff in er-ror's foundry. The trial below resulted in a verdict and judgment for defendant in error for $3000. On appeal to the Appellate Court the judgment was affirmed. The case has been brought here on petition for *certiorari.*

Defendant in error at the time of the trial was about forty-five years of age. He had worked for the plaintiff in error about seven years before he was injured, at first as a common laborer and then at chipping and cleaning castings. In the yard of plaintiff in error's plant was an appliance called a "drop," for breaking scrap iron. By means of a derrick a metal ball was raised about fifteen feet and allowed to fall. Defendant in error worked at a bench about twenty feet from this appliance. Between this bench and the drop was a small shanty. When this large ball, weighing about 3800 pounds, fell, it would break the scrap iron and the pieces would often be thrown and scattered for some distance, so that it was dangerous for anyone to be near the drop at the time. The testimony tends to show that the man who operated the hoisting apparatus and the contrivance which released the ball usually called "Look out!" before he dropped the ball, but the testimony as to whether he called out on this particular occasion is conflicting. Several witnesses, among them defendant in error, testified that the man did not give warning. The operator of the drop testified on the trial that he did call out, though there is testimony that he had made a statement to the contrary to defendant in error's counsel. The testimony is that a piece of iron about forty pounds in weight was thrown over the shanty, struck the wall of the foundry and rebounded, striking defendant in error in the side of the head and body, knocking out some teeth and injuring his shoulder and arm. He was about twelve feet away from his bench when found. He testified that he had been to his tool-box and had just turned away from it when struck. The drop operator, when he released the ball, would go into the shanty for protection, and there is testimony that men who were employed near the drop would do the same when the operator gave the warning, but defendant in error had always gone behind a post or foundry flask, and he testified that he had never been told by anyone to go into the

shanty, though the drop operator testified that he had told defendant in error more than once to do so and not to go behind a post or flask. Counsel for defendant in error contend that it was impracticable for defendant in error to seek shelter in or behind the shanty on account of the material between his bench and the shanty, and one photograph of the surroundings introduced by plaintiff in error tends to support this contention.

The declaration consisted of four counts, three charging common law negligence and the fourth charging a violation of section 1 of the statute entitled "An act to provide for the health, safety and comfort of employees in factories," etc. (Hurd's Stat. 1913, p. 1198.) The provision of the statute upon which this fourth count is based is as follows: "All dangerous places in or about mercantile establishments, factories, mills or workshops, near to which any employee is obliged to pass, or to be employed shall, where practicable, be properly enclosed, fenced or otherwise guarded." All four counts alleged facts as to the arrangement of the drop and the method of breaking scrap iron; that defendant in error was ordered to work near said drop while it was being operated, and while in the exercise of due care for his own safety was permanently injured by being struck by a piece of broken iron after the iron ball had fallen upon the scrap iron. The second count alleged, in addition, that the defendant in error did not know, or have equal means of knowledge with the plaintiff in error, of the danger of working near the drop, and that it was plaintiff in error's duty to have warned and instructed him of such danger but that it failed and neglected to do so. The third count further alleged that it was the duty of plaintiff in error to have adopted a system of giving due and timely warning to those in the vicinity of the drop in ample time prior to the dropping of the ball, so that the defendant in error and others might seek places of safety, but that plaintiff in error failed to do so, and that while

the defendant in error was exercising due care for his own safety, when said ball was dropped he received no warning thereof, and by reason thereof a large number of pieces of iron were caused to be thrown against him with great force and violence and injured him. The fourth count, in addition to the general charge heretofore stated, set out that plaintiff in error had not properly enclosed, fenced or otherwise guarded the drop in such a way as to prevent pieces of iron from being thrown against employees working near said drop, and that it was practicable so to have done, and that because of the neglect to do so the defendant in error was injured.

Both counsel concede that the recovery in this case, if there is a recovery, should be had under the third or fourth count. Plaintiff in error contends that the third count was not sufficient to authorize a recovery under the evidence, and that the rulings of the trial court on the evidence, as to the fourth count, were erroneous. On the other hand, counsel for defendant in error contend that the third count was sufficient, after verdict, to justify a recovery; that the evidence authorized a recovery under either the third or fourth count, and that there was no reversible error on the trial of the cause. The chief argument on the part of plaintiff in error as to the third count is that it charged, among other things, that plaintiff in error had not adopted a system of giving due and timely warning to those in the vicinity of the drop, whereas the evidence clearly shows that plaintiff in error had established such a system, and that therefore there was a variance between the allegations of this count and the evidence. The count was sufficient to sustain a recovery without proving this allegation. In actions of tort it is not necessary to prove all that is alleged. It is sufficient to prove enough of the negligence charged to make out a case. (*New York, Chicago and St. Louis Railroad Co.* v. *Blumenthal*, 160 Ill. 40; *City of Rock Island* v. *Cuinely*, 126 id. 408.) Plaintiff in error complains

of the form of the allegation as to the failure to warn at the time of the accident. This allegation was good in substance, and if there were defects in form they cannot be taken advantage of by plaintiff in error after the verdict. Even if this count is defective in any of the particulars urged by counsel, the defects and omissions were of such nature that they could only be availed of on demurrer. They cannot be raised after verdict. (*Humason* v. *Michigan Central Railroad Co.* 259 Ill. 462; *Sargent Co.* v. *Baublis,* 215 id. 428.) There is evidence in the record that no warning was given before the ball fell at the time defendant in error was injured, and therefore the verdict and judgment of the trial court and the judgment of the Appellate Court on this controverted question of fact preclude us from interfering with the verdict on this point.

As the third count was sufficient and the evidence sustained it, we would be justified in holding it unnecessary to consider certain questions raised as to the fourth count. (*Scott* v. *Parlin & Orendorff Co.* 245 Ill. 460.) We are, however, of the opinion that the verdict and judgment were justified under the fourth count, and that no reversible error was committed in the rulings of the trial court concerning the evidence under the same or the instructions with reference thereto.

Counsel for plaintiff in error contend the furnishing of the shanty in question was a compliance with the statute as to properly enclosing, fencing or otherwise guarding dangerous places where employees work. Counsel for defendant in error argue that under no circumstances could the shanty be considered a compliance with the statute and that the court erred in submitting this question to the jury. In *Forrest* v. *Roper Furniture Co.* 267 Ill. 331, when construing this section of the statute, we held that the employer, in performing the duty required of him, might enclose or fence the machinery, and if that were not practicable, could protect his employees from dangerous machinery by "other-

wise guarding" it. We do not think the trial court erred
to the injury of plaintiff in error in the instructions and
rulings in submitting the case on this statute, therefore it
would serve no useful purpose to attempt to define what
this statute means by the words "otherwise guarded."

Instructions 5 and 6, as submitted by plaintiff in error,
told the jury that said company should not be found guilty
if they believed the defendant in error had been instructed
to go into the shanty at the time the ball was dropped and
had failed to do so when warned by the operator. The
court added to both of these instructions: "if from a con-
sideration of all the evidence in this case the jury believe
that it was not practicable to fence or otherwise enclose
such place where such weight dropped upon and broke the
iron, as mentioned in the evidence." This modification is
not in conflict with the rulings of this court on the proper
construction of this statute in *Forrest* v. *Roper Furniture
Co. supra.* Furthermore, the trial court gave instruction 8,
without modification, at the request of plaintiff in error,
which submitted to the jury, as a question of fact, whether
or not the shanty was a compliance with the provisions of
the statute, and the jury found against plaintiff in error on
that point. It is plain, therefore, that the jury were not
misled on this question.

Counsel for plaintiff in error further argue that the court
committed error in allowing the witness Dembinski, a for-
mer foreman for plaintiff in error, to testify that the drop
could have been enclosed or fenced. Counsel insist that
Dembinski was not qualified to testify, and that his testi-
mony contained a conclusion which it was the province of
the jury to decide. The opinions of witnesses should not
be received as evidence where all the facts upon which such
opinions are founded can be ascertained and made intel-
ligible to the jury. (*Linn* v. *Sigsbee,* 67 Ill. 75; *Chicago
and Northwestern Railway Co.* v. *Moranda,* 108 id. 576;
*Yarber* v. *Chicago and Alton Railway Co.* 235 id. 589;

*Hoffman* v. *Tosetti Brewing Co.* 257 id. 185.) The qualification of an expert witness rests largely in the discretion of the trial judge, and this court will not reverse a case on that ground unless that discretion has`been manifestly abused. (*People* v. *Jennings,* 252 Ill. 534.) In view of this witness' experience we think he was qualified to testify upon the question whether it was practicable to enclose or fence this drop. It would require knowledge or experience not common to the ordinary citizen to decide this question, and therefore it was proper to have testimony on the subject. Moreover, plaintiff in error cannot complain as to this evidence, because it introduced evidence on the same subject, (*Kuhn* v. *Eppstein,* 239 Ill. 555; *Jones* v. *Sanitary District,* 265 id. 98;) and, as already stated, the court submitted to the jury the question whether it was practicable to fence or enclose the drop.

Plaintiff in error further contend that it was error to allow the statement of Dembinski, "there is a shanty there for the man who pulls the rope," to remain in evidence over its objection. The witness did not say the shanty was not used for other purposes, and the evidence on the part of the plaintiff in error shows, without contradiction, that the shanty was to be used by the man who pulled the rope. There was nothing in this answer to indicate that the shanty was not or could not be used by other employees. The jury could not have been misled on this point. We find no error in any of the rulings of the court on the admission of evidence with reference to the use of the shanty.

Other questions are discussed in the briefs, but the questions involved are substantially disposed of by what we have already said in this opinion. We deem it sufficient to say we find no reversible error in the record.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*