[No. 2504.    Feb. 22, 1922.]

## THAYER v. DENVER & R. G. R. CO.

### SYLLABUS BY THE COURT

(1). Complaint held to state defectively a cause of action under federal Employers' Liability Act (U. S. Comp. St. §§ 8657-8665), and therefore an amendment, curing the defect,

not to be a departure nor objectionable as an attempt to avoid the statute of limitations                                P. 6

(2). The truth of a given disputed fact is for the jury.
P. 13

Appeal from District Court, Santa Fé County; Leahy, Judge.

Action by Fred W. Thayer against the Denver & Rio Grande Railroad Company, for personal injuries. Judgment for plaintiff, and the defendant appeals. Affirmed.

E. N. Clark, of Denver, Colo., and E. R. Wright and A. B. Renehan, both of Santa Fé, for appellant.

E. P. Davies and Catron & Catron, all of Santa Fé, for appllee.

## OPINION OF THE COURT

DAVIS, J.   In September, 1912, appellee was in the employ of appellant at Delta, Colo., icing refrigerator cars. In the course of his duty he was riding on a car, which was rolling by gravity down a switch. After the car had traveled some distance he attempted to stop it by applying the brake, but was unable to do so. The car collided with an engine, and appellee was thrown off, and sustained various injuries, for which he sued. This is the third time this case has been before this court, the previous decisions being in 21 N. M. 330, 154 Pac. 691, and 25 N. M. 559, 185 Pac. 542. The facts are fully stated in the first opinion, and it is needless to repeat them.

[1] The principal error complained of on this appeal arises on the pleadings. After the case had once been tried and reversed on appeal, appellee filed a second amended complaint, in which he specifically set up causes of action based upon the federal Safety Appliance Act (U. S. Comp, St. § 8605 et seq.) and the federal Employers' Liability Act (U. S. Comp. St. §§ 8657-8665). Later a third amended complaint was filed setting up the same grounds of recovery; but, inasmuch as before trial appellee elected to stand upon his allegations under the federal Employers' Liability

Act, we need not consider the other features. The contention is that the original and first amended complaint stated only an action at common law, and that the filing of the second and third amended complaints, basing the action upon the federal statute, constituted an improper departure. Furthermore, the second amended complaint was filed more than two years after the injury, and the argument is made that the cause of action, stated in it, being entirely new and distinct, was barred by the statute of limitations. Appellee, on the other hand, argues that the original and first amended complaints, both filed within the limitation period, did allege a cause of action under the federal act, although stated imperfectly, and that the later pleadings were merely amendments to amplify them and correct the defects. These contentions make necessary an examination of the pleadings involved.

The original complaint was filed March 3, 1913. Its allegations respecting the character of the operations carried on by appellant, and as to the negligence which caused the accident, were as follows:

"(2)   That the defendant is a corporation, organized and existing under and by virtue of the laws of the state of Colorado, as plaintiff is informed and believes, and that it owns, operates, and conducts a line of railroad through and within said county of Santa Fe and state of New Mexico.

"(3)   That said defendant also owns, operates, and conducts a line of railroad through and at the town of Delta, in the state of Colorado."

"The brake on said car was so defective that it could not be applied with sufficient force by one person to stop the momentum of the car."

On March 21, 1913, during the first trial, appellee, with the permission of the court, filed an amended complaint, the features of which important here were as follows:

"(1)   That he is a resident of Santa Fé, New Mexico; that the defendant is a corporation organized and existing under and by virtue of the laws of the state of Colorado; that the defendant operates and maintains a line of railroad in said state, which passes through the town of Delta, Colo., and also owns, operates, and maintains a line of railroad through

and within the county of Santa Fé, and state of New Mexico, and at all times material hereto has done so."

"(5)    That the complainant charges that the brake and its appliances on said car, at the time that he endeavored and attempted to set it and retard the speed and momentum of said car, was defective and unsafe and not adapted to its purposes for which it was intended to be used; that the defective condition of said brake should have been known to defendant, and was known to said defendant, of all of which the plaintiff was ignorant; that the specific defect in said brake was and now is unknown to plaintiff; that the said defendant was careless and negligent in failing to secure unto the plaintiff a safe and adequate brake and brake appliance for the purpose of stopping said car, and in failing to apprise the plaintiff of such defective and unsafe condition."

On February 19, 1916, the second amended complaint was filed. This contained the allegations which are claimed to state a new cause of action, as follows:

"(1)    That he is a resident of Santa Fé, N. M.; that the defendant is a railroad corporation organized and existing under and by virtue of the laws of the state of Colorado; that said defendant company owns, operates, and maintains a line of railway in the state of Colorado and New Mexico, which said railroad runs through the town of Delta, Colo., and into the state of New Mexico, with a terminal at the city of Santa Fé, N. M., and that said defendant company is a common carrier, and was at all times material and pertinent to this cause of action a common carrier, by railroad engaged in interstate commerce between the state of Colorado and the state of New Mexico."

"Plaintiff as such employee and in the performance of the duties imposed upon him, as hereinabove set forth, was at the time of the happening of the said acts and the injury to plaintiff engaged in interstate commerce, the car upon which plaintiff was so riding being a fruit or refrigerator box car, which was being so iced and moved as aforesaid for the purpose of preserving fruit, which were being or were to be hauled and transported by the said defendant railroad company and common carrier from one state into another, and which said refrigerator or fruit box car was at the time of said injury to plaintiff being moved down the line of the defendant railroad company to be picked up by an interstate freight train of said defendant company, and therein and as a part of said interstate freight train was to be and was carried to its destination."

"(4)    The plaintiff charges the hand brake and hand brake appliance or apparatus on said car, at the time he attempted to set the same and retard the speed of said car and stop said car as aforesaid, was defective and unsafe, and was inefficient and not adapted to the purpose for which it was intended to be used; that the defendant was negligent in not

maintaining the said refrigerator car with efficient hand brake, and was negligent in hauling, permitting to be hauled, in using, permitting to be used, and in moving or permitting to be moved, the said refrigerator car, upon its line of railway, said refrigerator car at such time not being equipped with efficient hand brakes; that the defective condition of such inefficient hand brake upon said refrigerator car could by the exercise of ordinary care and caution have been ascertained by defendant company, and should have been so ascertained; that the specific defect in said inefficient hand brake on said refrigerator car was at the time of the accident, and is at the present time, to plaintiff unknown."

Whether the early pleadings stated a cause of action under the federal act is a federal question. If it has been determined in federal decisions, we follow their authority, and if there is such a decision it is controlling, and independent research or discussion becomes unnecessary. Both parties cite the case of Seaboard Air Line Ry. v. Renn, 241 U. S. 290, 36 Sup. Ct. 567, 60 L .Ed. 1006, as being a direct determination by the Supreme Court of the United States of the question here involved, and each contends that the decision is in his favor.

That case arose in North Carolina and the decision of the Supreme Court of that state is reported under the title of Renn v. Seaboard Air Line Railway Co., 170 N. C. 136, 86 S. E. 965. It was brought to recover damages received by plaintiff while in the employ of the railroad company. The complaint was quite as indefinite as is that in the case before us in respect to allegations to bring the case within the terms of the federal act. During the trial the sufficiency of the complaint in this respect was attacked, and plaintiff was allowed to file an amended complaint containing definite allegations as to the interstate character of the business done by the railroad company. The defendant objected to the allowing of this amendment on the ground that it amounted to stating a new cause of action, and that any proceeding under the federal act was barred by the statute of limitations. It will be seen that the situation which arose and the objections made were practically identical with those here. The Su-

preme Court of North Carolina held that the complaint stated a good cause of action, and the amendment was therefore properly allowed.

It therefore becomes interesting to compare the allegations of the complaint in that case with those in this. We find a remarkable similarity. In neither case was there a specific charge that the company was engaged in interstate commerce. In the Renn case the allegation was that the defendant "was operating a line of railroad in the state of North Carolina and in the state of Virginia and elswhere." In this case the allegation was that the defendant "owns, operates, and conducts a line of railroad through and within said county of Santa Fé and state of New Mexico," and "also owns, operates, and conducts a line of railroad through and at the town of Delta in the state of Colorado." It must be admitted that either of these statements is a poor method of alleging that the railroad was engaged in commerce between the states mentioned, yet the North Carolina court held that the facts alleged as to the railroad "made it an interstate carrier." If that inference was proper there, the same is proper here, for we cannot differentiate the allegations of fact on which it arises. As to the character of the employment, the only allegation in the Renn Case was that—

Plaintiff "was in the employment of the defendant and in the discharge of the duties of his said employment, when he suffered the injuries complained of."

In our case the allegation is that appellee was working "for said defendant company at said town of Delta, Colo., in the capacity of a laborer in and about the task of icing cars, i. e., putting ice in the proper receptacles therefor in refrigerator cars," and that the injury occurred during the moving of one of these iced cars. Whether these cars were destined for another state, or whether the work of appellee was in any way connected with interstate commerce, is not specifically

alleged.   But from the allegations of the complaint
in the Renn Case the Supreme Court of North Carolina
came to the following conclusion:

"There is no reference in the complaint to the fact that
the defendant did an intrastate business.  The plaintiff alleges
further that he was in the employment of the defendant, pre-
sumably in the interstate business which the defendant was
conducting.   He says, further,  that he was in the discharge
of the duties of his said employment at the time of his injury,
and that he lived in Wake county, N. C., and was injured in
Cochran, Va.   As there is no reference to intrastate business
in the complaint, and it is alleged that the defendant was
doing an interstate business, that he was injured while in the
discharge of his employment is not the inference permissible
and reasonable that he was employed in interstate business
and was injured in the discharge of his duties in that em-
ployment."

The allegations of the complaint in the case before
us lend themselves to a construction identical with that
adopted in the Renn Case, and the conclusion is quite
as logical.

Comparing the allegations of the original complaints
in the two cases, we find that in each case the plaintiff
was injured in a state other than the one of his resi-
dence; in each the railroad company was operating a
road in two states; in neither was it alleged that the
line was continuous or used in interstate commerce; in
each the plaintiff was in the employ of the company
and in the discharge of his duties when injured; in
neither was there any reference either to state statutes,
common-law liability, or federal enactments, and in
each the injury was alleged to be due to the negligence
or want of ordinary care of the defendant company.
If it was proper for the North Carolina court to find
that there were sufficient allegations of the interstate
character of the operations of the railroad company
and of the employment in which plaintiff was engaged
when injured, it is proper for us to reach the same
conclusion from the similar facts.

The Renn Case was decided by the Supreme Court
of the United States in 241 U. S. 292, 36 Sup. Ct. 568,

60 L. Ed. 1006. We can see no difference between the situation presented to that court and the one we are now considering. The court held that the propriety of the action of the North Carolina court in permitting the amendment was a federal question which it would re-examine irrespective of rules of local procedure, and then, inquiring into the merits of the matter, upheld the construction of the state court to the effect that the amended complaint did not state a new cause of action, but merely remedied one already alleged, though imperfectly, and that therefore the bar of the statute did not apply. Upon these points the court said:

* "The original complaint, was exceedingly brief, and did not sufficiently allege that at the time of the injury the defendant was engaged and the plaintiff employed in interstate commerce. During the trial the defendant sought some advantage from this and the court, over the defendant's objection, permitted the complaint to be so amended as to state distinctly the defendant's engagement and the plaintiff's employment in such commerce. Both parties conceded that what was alleged in the amendment was true in fact and conformed to the proofs, and that point has since been treated as settled. The defendant's objection was that the original complaint did not state a cause of action under the act of Congress, that with the amendment the complaint would state a new cause of action under that act, and that, as more than two years had elapsed since the right of action accrued, the amendment could not be made the medium of introducing this new cause of action consistently with the provision in § 6 that 'no action shall be maintained under this Act unless commenced within two years from the day the cause of action accrued.' Whether in what was done this restriction was in effect disregarded is a federal question and subject to re-examination here, however much the allowance of the amendment otherwise might have rested in discretion or been a matter of local procedure. * * * If the amendment merely expanded or amplified what was alleged in support of the cause of action already asserted, it related back to the commencement of the action and was not affected by the intervening lapse of time. * * * In these circumstances, while the question is not free from difficulty, we cannot say that the court erred in treating the original complaint as pointing, although only imperfectly, to a cause of action under the law of Congress. And this being so, it must be taken that the amendment merely expanded or amplified what was alleged in support of that cause of action and related back to the commencement of the suit, which was before the limitation had expired."

This decision of a federal question by the highest federal tribunal is binding upon us. There was no error in allowing appellee to file his amended complaints and to recover upon the allegations of liability under the federal statutes.

We are not impressed with the argument of counsel for appellant that language used in the decision of a former appeal (21 N. M. 330, 154 Pac. 691) has become the law of the case, and, right or wrong, is binding now.

In the opinion on the first appeal there is the following language:

"It is perhaps proper to say that the federal Employers' Liability Act * * * has no application to this case under the pleadings and evidence; hence requires no consideration."

This remark may have been true when made, and have been applicable to the situation then presented, and be unimportant now. No one contends that a liability under the federal statute was properly pleaded under the original or first amended complaint, upon which the case stood when the first appeal was prosecuted. The failure to plead it properly was exactly what made necessary the amended pleading which cured the defect and is now before us. It is common experience that a pleading bad on demurrer may be cured by amendment. We are not holding now that either the original or first amended complaint contained a proper plea of liability under the federal act, but are only deciding, following federal authority which we believe controlling, that the original complaint did point, though imperfectly to a cause of action under the law of Congress, and that the amendment was properly allowed to cure the defects which admittedly existed.

[2] Appellant contends that the facts proved did not show that the car was not equipped with efficient hand brakes, and the fact that apppellee was not able to stop the car by applying the brake did not of itself prove its inefficiency. The true test of the efficiency of the brake was its ability to produce the expected

results when properly applied and whether it should have stopped the car under the circumstances testified to were disputed questions before the jury and were for the jury to determine. Upon the former appeal (25 N. M. 559, 185 Pac. 542) this court said upon this feature:

"Indulging every reasonable presumption as we must in favor of the general verdict, it must be held that a finding that a hand brake upon a railroad car was not defective would not override a general verdict which was necessarily based upon a finding that the hand brake was inefficient. The jury under the evidence doubtless concluded that because the brake in question did not take hold of the wheels and function in the usual manner, it was inefficient. It was possibly not able to say that the inefficiency was due to a defect, as there had been no evidence as to any specific defect in the brake apparatus; but the brake would not properly function, and from this fact the conclusion was drawn that it was inefficient. We cannot see that the inference was not justified under the evidence."

We see no reason to depart from the opinion thus expressed.

The foregoing disposes of the important assignments of error. There are others, but some of them have been determined by the decisions on the former appeals, and the others are not of sufficient importance to merit reference in detail. It is sufficient to say that in our opinion no one of them amounts to reversible error.

The opinion of the lower court is therefore affirmed; and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.