## EARL G. COLLINS v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 18, 1930.

No. 27,916.

[1]Reported in 231 N. W. 797.

*A. L. Janes* and *J. H. Mulally,* for appellant.

*Alphonse A. Tenner* and *F. J. Donahue,* for respondent.

Wilson, C. J.

Defendant appealed from an order denying its alternative motion for judgment non obstante or a new trial.

Plaintiff was employed by defendant as a switchman. He was riding in the nighttime a loaded box-car pushed over a "hump" in the well-lighted Cedar Lake Yards and traveling by gravity to a particular track. He was injured by falling from the car. Plaintiff's version of his experience is substantially this:

Before I got to the top of the "hump" I tightened the brakes and they took· hold. They squealed or hollered and I released them. From the "hump" there was a slight decline. As I started down the decline I started to tighten up the brakes and they did not seem to take hold. I was riding on the front end of the car traveling east. I had the brake club in the wheel, and I had tightened it up as much as I could. I had my right foot against the top grabiron. I put my weight, all I could, against the club pulling on the brake wheel, and I began to slow it down, and when I got about ten feet from the other cars ahead on the track "I gave one last reef on the brake, * * * and as I reefed on the club, I don't know what happened, something let go and I went." When I gave the last reef I was going eight or ten miles per hour. Normally I should have been going about two to four miles per hour at that distance from the other cars. I didn't reduce the speed more because the brakes would not work. "The brake wheel just gave or went around suddenly." That was not a normal working of the brakes. I went down. I went right with it. I can't say just how I went down.

Basing his testimony upon his experience, and over the objection of the defendant, plaintiff was permitted to testify that the brakes so acted because "the chain was either knotted, the brake chain

was knotted, or the chain was too long and it would wrap up onto the wraps or it broke, I don't know which." ·

The car properly coupled with the car ahead without damage. Plaintiff's lantern remained on the foot board on the top of the car. A brake club was found beside it. Plaintiff was an experienced railroad man.

The action is under the federal safety appliance act, 45 USCA, § 11. Plaintiff is not required to prove negligence. He must however prove that the appliance, here the brakes, failed to function properly. If they did not there was a violation of the statute which spells liability for injuries proximately resulting.

We are dealing with a very simple mechanical apparatus. The brake rod has the usual iron wheel at its top, and at the lower end a chain is attached connecting with the rod attached to the brake beam. As the upper wheel is turned the chain winds around the lower end of the upright rod drawing the brakes against the wheels.

Plaintiff's case as to the alleged inefficiency of the brakes rests alone upon his version as above stated. The cause which he assigns as to the alleged inefficiency is his theory. Obviously the incident could not have occurred as he said it did unless one or more of his theories were true. After the accident the brakes were found tightly set. They then worked properly. Plaintiff has no substantive proof to the contrary. The claim that the brakes were inefficient must be proved. It cannot rest on theory alone. The record leaves the cause of the accident uncertain. The most favorable view for plaintiff is that it rests in conjecture as to whether it was inefficient brakes, the fault of plaintiff, an unaccountable or unavoidable accident. The brake club may have slipped. The cause of the accident must be proved. Unless the cause is shown affirmatively, there can be no recovery. Plaintiff's claim is without any substantial support. Indeed, his claim can hardly be one of the different probabilities. It is much more probable that his fall was due to some act or omission of his own. Plaintiff's theoretical version that the brakes would not work is not sufficient as against the physical conditions and the established facts to sustain

a finding that the brakes were inefficient. Plaintiff's proof rests in conjecture. Yet the claim of an inefficient brake as a cause seems wholly eliminated by the positive and uncontroverted evidence of the defendant.

The authorities support this conclusion. Hurt v. L. & N. R. Co. 116 Ky. 545, 76 S. W. 502; Stemper v. C. M. & St. P. Ry. Co. 167 Minn. 379, 209 N. W. 265; McDonald v. G. N. Ry. Co. 166 Minn. 87, 207 N. W. 194; Nealis v. C. R. I. & P. Ry. Co. 173 Minn. 587, 218 N. W. 125; C. N. O. & T. P. Ry. Co. v. McWhorter, 203 Ky. 252, 262 S. W. 253; Patton v. T. & P. Ry. Co. 179 U. S. 658, 21 S. Ct. 275, 45 L. ed. 361; G. M. & N. R. Co. v. Wells, 275 U. S. 455, 48 S. Ct. 151, 72 L. ed. 370; Virginia & S. W. Ry. Co. v. Hawk (C. C. A.) 160 F. 348; Burnett v. Pennsylvania R. Co. (C. C. A.) 33 F. (2d) 579, 580; Perkins v. G. N. Ry. Co. 152 Minn. 226, 188 N. W. 564. In Reap v. Hines (C. C. A.) 273 F. 88, it was held that where a piece of wood was used in an effort to take up the slack in the chain at the lower end of the brake rod it presented a question for the jury.

The order is reversed with directions to enter judgment for defendant notwithstanding the verdict.

[1]Reported in 231 N. W. 794.