C. M. SPENCER v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 28 October, 1931.)

**Master and Servant E b—Evidence of defectiveness of brake causing injury held sufficient to be submitted to the jury.**

Upon the question of whether an injury received by a brakeman while making a flying switch on a freight car in interstate commerce was caused by a defective brake, for which injury the carrier would be liable under the provisions of the Federal Safety Appliance Act, the insufficiency of the brake may be shown by the failure of the brake to function properly when operated with due care by an experienced brakeman in the normal, natural and usual manner, and where there is evidence of this character, defendant's motion as of nonsuit should be overruled and the case submitted to the jury.

APPEAL by defendant from *Grady, J.*, at Second May Term, 1931, of WAKE.

Civil action to recover damages for an alleged negligent injury due to defective or inefficient hand brakes on a freight car.

The defendant is a common carrier by railroad, engaged in interstate commerce, and the plaintiff was employed by the defendant in such commerce as a brakeman on a local freight train running from Norlina, N. C., to Richmond, Va., at the time of his injury 10 October, 1929. The accident occurred about 8:30 p.m., in a switching operation at Creamery, Va., when two coal cars, loaded with crushed stone, were being moved from the main line to a side track. It was found convenient to effect this movement by making a running or flying switch, and plaintiff, who had had twenty years experience as a brakeman, was placed on the cars to stop them by use of the hand brakes before they

reached other cars standing on the siding. The brakes failed to work, and plaintiff was unable to control the movement of the cars.

Plaintiff testified: "I used all the force I had in an effort to stop the cars, but it had no effect. The cars gained speed. When I discovered that it had no effect, I used the brake stick, trying to get more leverage. I put the brake stick in position to use the ordinary way. I tightened and it did no good. I took it out—wanting a better hold— put it in again and put all my weight against it. I wanted to get all the braking power I could, and something gave loose and threw me from my position to the ground. . . . If the cars had been equipped with efficient hand brakes, I could have controlled them without the use of the hand stick. . . . When I fell, the wheel of the car I was riding passed over my leg and cut it off."

C. D. Elmore, conductor in charge of the train, and witness for the defendant, testified: "When I ordered Capt. Spencer to assist in this switching operation, I expected the hand brake to control the movement on that side track. . . . He was obeying my orders. . . . A brake that will not control a car on that siding, loaded as those cars, is not an efficient brake. . . . If the hand brakes were efficient and in working order, they would control those cars without the use of a brake stick."

Defendant's witness, J. J. Flowers, an inspector, with seventeen years experience, testified: "If the brake was applied by an experienced brakeman and did not slow the speed down, I would say that it was an inefficient brake. I would say that if it was properly put on and did not stop the speed of the car, it was not efficient at the time."

At the close of plaintiff's evidence, and again at the close of all the evidence, the defendant moved for judgment as in case of nonsuit. Overruled; exception. Motion and prayer by defendant for directed verdict. Declined; exception.

The jury found that the plaintiff was injured "by reason of the fact that the car in question was not equipped with efficient hand brakes," and assessed damages.

Judgment on the verdict, from which the defendant appeals, assigning errors.

*Clyde A. Douglass and Robert N. Simms for plaintiff.*
*Murray Allen for defendant.*

STACY, C. J., after stating the case: The appeal presents the single question whether, under the Federal law, the evidence is sufficient to carry the case to the jury and to warrant a verdict for the plaintiff. We think it is.

It is conceded that, if the hand brakes on the car in question were inefficient and this caused the injury, there is inescapable liability under the Safety Appliance Act. *Hamilton v. R. R.,* 200 N. C., 543, 158 S. E., 75. But defendant says plaintiff's proof leaves the cause of the injury in conjecture. *Collins v. Great Northern Ry. Co.,* 231 N. W. (Minn.), 797. His testimony that the brakes were used in the normal and usual manner and failed to work, coupled with that of defendant's witnesses, was such evidence of inefficiency as to make an issue for the jury. *Detroit T. & I. R. Co. v. Hahn,* 47 Fed. (2d), 59; *Didinger v. Pa. R. Co.,* 39 Fed. (2d), 798.

Narrowed, as the appeal is, to the sufficiency of the evidence to carry the case to the jury and to warrant a verdict for the plaintiff, it would serve no useful purpose to elaborate the testimony. Inefficiency of hand brakes, like the ones here in question, may be shown from some particular defect, or by a failure to function when operated with due care, in the normal, natural and usual manner. *Altman v. A. C. L.,* 18 Fed. (2d), 405. The plaintiff pursued the latter method in his proof.

No error.