(No. 21331.—

Arthur B. Anderson, Defendant in Error, *vs.* The Chesapeake and Ohio Railway Company, Plaintiff in Error.

*Opinion filed April 22, 1933—Rehearing denied June 7, 1933.*

William G. Wise, for plaintiff in error.

Charles C. Spencer, and Samuel Cohen, for defendant in error.

Mr. Justice Jones delivered the opinion of the court:

Arthur B. Anderson, plaintiff, filed suit in the superior court of Cook county against the Chesapeake and Ohio Railway Company, defendant, to recover damages for personal injuries. The declaration consisted of three counts. The averments of each count sufficiently allege a cause of action within the terms of the Federal Employers' Liability act. The first count also states a cause of action under the Federal Safety Appliance act. Defendant filed a plea of the general issue and a special plea that plaintiff was not employed in interstate commerce. A jury trial resulted in a verdict in favor of plaintiff for $25,000. A *remittitur* of $6250 was required by the trial court and judgment was entered in favor of plaintiff for $18,750. An appeal was prosecuted to the Appellate Court for the First District, where the judgment was affirmed. The cause is here on *certiorari* to review the judgment of the Appellate Court.

The accident occurred at Twelve Mile, Indiana. Plaintiff was employed by defendant as a brakeman on a work-train engaged in picking up old rails between Hoover and Twelve Mile on defendant's railroad in the State of Indiana. At the time plaintiff was injured the train crew was engaged in a switching movement of cars loaded with the old rails. The purpose of the movement was to line up the cars so that a car of rails could be set out at North Judson, Indiana, and another car unloaded the next day between Malden and Merrillville. All of the places named are in the State of Indiana and none of the cars were then destined to be transported out of the State. The train proceeded to the west end of the house track and switched several cars onto the main line. The car on which plaintiff was injured was next to the engine. It was then taken west of the end of the switch, cut off by a brakeman and given a "kick" onto the house track. The car was of the type known as a "gondola," with a hand-brake and brake

step on the end. The brake step is two feet long and twelve to fourteen inches wide, fastened to the car two feet from the top. On the platform is a ratchet and dog to keep the brake from loosening when once set. The top or rim of the car is eight to twelve inches wide and the wheel of the brake is fourteen inches above it. There was a slight downgrade in the house track. The car entered the switch moving at the rate of about three or four miles an hour. Plaintiff testified he attempted to set the brake in the usual and proper way. The dog on the ratchet was loose and he had to push it in to hold it in place. When he turned the brakewheel around to a certain point it would suddenly stop and thereby prevent the brake-shoes from engaging the wheels of the car. The speed of the car was increasing on account of the grade and at the time of the accident the car was traveling at the rate of eight miles per hour. Plaintiff released the brake and twice more attempted to set it but was unsuccessful. He was unable to stop the car or check its speed. As a result it collided with some other cars standing on the switch. He testified that at the time he began to set the brake the car was from 200 to 240 feet from the nearest car standing on the switch; that a car loaded with rails and being similarly moved could be stopped within 80 to 120 feet by an efficient brake in working order; that he got on top of the car to brace himself, which he could not do from the brake step; that at the time of the collision he was kneeling on the rim of the car, pulling with all his strength at the brake-wheel; that he did not have time to get off the car; that there was a bank of earth two or three feet from the track on one side and poles and ties piled along the other side and if he had jumped there was danger of his falling under the car. The jar from the collision threw him back into the car. The rails shifted and pinned his legs between them and the end of the car. He received serious injuries. In order to extricate him a railroad tie was placed against the end of the car and the en-

gine gave the car a bump, which again shifted the rails, thereby releasing his legs.

The defendant company engages in interstate commerce. Section 11 of the Safety Appliance act (45 U. S. Code 1926, p. 1438,) provides that it shall be unlawful for any common carrier by railroad engaged in interstate commerce to haul or permit to be hauled on its line any car not equipped with efficient hand-brakes. The statute is mandatory and embraces both initial equipping and maintenance. (*Lehigh Valley Railroad Co.* v. *Howell,* 6 Fed. (2d) 784.) A violation of the Safety Appliance act resulting in injury to an employee upon an interstate railroad gives the employee a right of action, whether or not he was engaged in interstate commerce at the time he was injured. (*Texas and Pacific Railway Co.* v. *Rigsby,* 241 U. S. 33.) In order to establish a cause of action under the first count it was necessary to prove only the averments in that count charging a violation of the Safety Appliance act, and it was not necessary to prove that plaintiff was employed in interstate commerce at the time of the injury. (*Supolski* v. *Ferguson & Lange Co.* 272 Ill. 82; *New York, Chicago and St. Louis Railroad Co.* v. *Blumenthal,* 160 id. 40; *Wabash Railroad Co.* v. *Hayes,* 234 U. S. 86; *Southern Railway Co.* v. *United States,* 222 id. 20.) This opinion will therefore be confined to the issues under the Safety Appliance act.

In the trial court defendant's motion for a directed verdict was overruled, and that ruling is assigned as error. Under that assignment the weight of the evidence will not be reviewed. (*Coal Creek Drainage District* v. *Sanitary District,* 336 Ill. 11.) The only question presented is whether or not there is in the record any evidence which, with the reasonable inferences to be drawn therefrom, is sufficient to support the verdict. (*Sherwin* v. *City of Aurora,* 257 Ill. 458.) Under the Safety Appliance act, if the brake mechanism had been efficient and in good working order plaintiff could not recover for a violation of that

act. Plaintiff testified that the brake-wheel wound easily to the point where it would stop, and that from his experience as a brakeman he concluded the brake-chain must have been caught and fouled itself against the "U" on the end of the brake-staff. It is undisputed that he tried to set the brake three times and was in a similar endeavor at the time of the accident. To meet that testimony defendant introduced evidence to show that the car was inspected the next day and no defect found in the brake mechanism, and also that the brake was in good working condition previous to the accident. The question here is not one of preponderance, but whether or not plaintiff's testimony as to the brake's failure, standing alone, is sufficient to support the verdict on the issue of its inefficiency.

In *Spencer* v. *Seaboard Airline Railway Co.* 201 N. C. 537, 160 S. E. 763, and *Didinger* v. *Pennsylvania Railway Co.* 39 Fed. (2d) 798, it is held that there are two recognized methods of proving the inefficiency of hand-brake equipment: First, by evidence adduced to establish a particular defect; and second, by showing a failure to function when operated with due care in a normal, actual and usual manner. In the *Didinger case* it is said that assuming a proper setting of the brake, the fact that it did not hold demonstrates its inefficiency. In view of the positive duty imposed by the Federal statute to equip cars with efficient hand-brakes, negligence may be inferred from the failure of such brakes to function. (*Minneapolis and St. Louis Railroad Co.* v. *Gotschall,* 244 U. S. 65; *McDonald* v. *Great Northern Railroad Co.* 166 Minn. 87, 207 N. W. 194.) In 2 Lewis' Sutherland on Stat. Const. sec. 390, the text says: "We think the ordinary meaning of the word 'efficient,' as applied to a hand-brake or an appliance of any kind, would be as to whether it was able to produce the expected results when properly applied. * * * The workmanship on the brake and all its parts might be perfect. It might have no defect or flaw of any kind and might be perfect and com-

plete and yet not efficient." The true test of the efficiency of the brake was its ability to produce expected results when properly applied, and whether or not it should have stopped the car under the circumstances shown in the evidence is a question of fact for the determination of the jury. (*Thayer v. Denver and Rio Grande Railroad Co.* 28 N. M. 5, 205 Pac. 733.) The testimony of plaintiff shows that the brake did not work and that its failure to do so was the proximate cause of the accident and injury. Standing alone, it is sufficient to support the verdict. The trial court did not err in refusing to direct a verdict for the defendant. *Coal Creek Drainage District* v. *Sanitary District, supra; Illinois Central Railroad Co.* v. *Oswald,* 338 Ill. 270; *Delk* v. *St. Louis and San Francisco Railroad Co.* 220 U. S. 578.

By the terms of the Safety Appliance act plaintiff did not assume the risk of his employment. (*Schlemmer* v. *Buffalo, R. & P. R. R. Co.* 220 U. S. 590.) Defendant contends that the record shows he was guilty of contributory negligence. His testimony shows that by the failure of the brake to work he was suddenly placed in a hazardous position; that he got on top of the car to brace himself; that he knew if he got into the car he might be caught by a shift of the rails; that he had no time to jump, and that if he had jumped he was in danger of being thrown back under the train. There is nothing in the record to contradict this testimony and it is sufficient to support a finding that plaintiff was not guilty of contributory negligence. Whether or not plaintiff was guilty of contributory negligence is a question of fact, and the finding of the Appellate Court on that question is conclusive. *Lerette* v. *Director General,* 306 Ill. 348.

The judgment of the Appellate Court must be affirmed, which is accordingly done.

*Judgment affirmed.*