# D. G. DURYEA v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

May 3, 1935.

No. 30,367.

*William T. Faricy, Warren Newcome, Alfred E. Rietz,* and *Farmer & Tighe,* for appellant.

*Davis, Michel, Yaeger & McGinley,* for respondent.

LORING, JUSTICE.

In the trial court the plaintiff had judgment against the defendant railway company, which, having moved for a directed verdict, now contends that it is entitled to judgment notwithstanding the verdict against it.

The plaintiff at the time he was injured was a brakeman with over 30 years' experience, much of which had been in defendant's employ. He was injured while engaged in a switching operation in the town of Windom in this state. The refrigerator car upon which he was riding when injured had been moved from one track to another and was at the time moving slowly by gravity toward another car. The plaintiff claims that in ample time to prevent

[1]Reported in 260 N. W. 528.

collision with the other car he attempted to set the hand brake on the refrigerator car; that he turned the wheel four or five revolutions when it locked without setting the brake shoes against the wheels; that he then released the brake wheel and tried again to set the brake but without effect. The car then struck the standing car, and he was knocked off and fell between the cars. It is plaintiff's claim that the brake was defective or inefficient in that the chain was too long, which permitted it to overlap on itself on the brake staff and thus to jam between the staff and the stirrup. It was also asserted by an expert who testified for the plaintiff that the defective action of the brake might have been caused by the chain wrapping around the lower end of the staff on account of its being too long, but this element was excluded by the evidence showing the structure of the brake.

The federal safety appliance act [45 USCA, § 11] requires all freight cars to be equipped with efficient hand brakes, and the Supreme Court of the United States has held the duty to comply with the act is an absolute and not a qualified one; that if the railroad fails in point of fact to perform this absolute duty there arises from the violation a liability to make compensation to one who is injured through such failure. St. Louis I. M. & S. Ry. Co. v. Taylor, 210 U. S. 281, 28 S. Ct. 616, 52 L. ed. 1061; Didinger v. Pennsylvania R. Co. (C. C. A.) 39 F. (2d) 798; Lehigh Valley R. Co. v. Howell (C. C. A.), 6 F. (2d) 784. We do not understand that the defendant questions this construction of the statute, but it here contends that its testimony which tended to show that the brake was found set after the accident and that it then operated efficiently and that the chain was not too long conclusively established the falsity of plaintiff's testimony in regard to its operation and that there was no question of fact to be submitted to the jury.

The substance of the plaintiff's testimony and that of his experts was to the effect that one and one-half turns of the brake staff released the proper amount of slack to let off the brakes and that a chain which permitted four or five turns was too long for safety or efficiency on account of its tendency to wrap and lock. It has been said that the fact that a brake does not hold demonstrates its in-

efficiency and that such failure to hold under normal conditions is one way of proving such inefficiency. Didinger v. Pennsylvania R. Co. (C. C. A.) 39 F. (2d) 798.

It is quite obvious that if the plaintiff's evidence were uncontradicted it would sustain a verdict because if the brake operated as described by plaintiff there could be but the one reasonable inference that the chain was so long as to permit the jamming and locking. If that occurred, the brake, though of an approved type, was inefficient and defective. Must we accept the defendant's testimony as conclusive, or should the plaintiff's testimony be given the weight of contradictory evidence? We think that the evidence of plaintiff that the brake locked or jammed after four or five turns of the staff was some evidence that the chain was too long and that consequently the brake was inefficient. Detroit T. & I. R. Co. v. Hahn (C. C. A.), 47 F. (2d) 59. The defendant's evidence was persuasive and tended to prove a condition opposite to that which plaintiff testified to, but we cannot say on this record that it was undisputed. If plaintiff told the truth, his testimony disputed defendant's evidence. An exactly similar question was presented to the supreme court of Illinois in Anderson v. C. & O. Ry. Co. 352 Ill. 561, 186 N. E. 185, and it was decided that evidence such as here presented by the plaintiff and by defendant created a question of fact. See also Detroit T. & I. R. Co. v. Hahn (C. C. A.), 47 F. (2d) 59.

In Stemper v. C. M. & St. P. Ry. Co. 167 Minn. 379, 209 N. W. 265, the physical facts established a situation where reasonable minds could not accept the engineer's statement that the air did not work. The case of Collins v. G. N. Ry. Co. 181 Minn. 125, 231 N. W. 797, is not in point because there the injured employe did not know what caused the brake's failure to stop the car. He testified that he did not know what happened, and it may have been the improper use of the brake club rather than the failure of the brakes.

In the case at bar we are of the opinion that there was a fact issue. Judgment affirmed.