77 So.2d 640

**Leaborn R. STIDHAM**

v.

**SOUTHERN RAILWAY- COMPANY.**

**6 Div. 614.**

Supreme Court of Alabama.

Nov. 18, 1954.

Rehearing Denied Feb. 10, 1955.

Cabaniss & Johnston, Leigh M. Clark and E. T. Brown, Jr., Birmingham, for appellee.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellant.

PER CURIAM.

This is an appeal from a judgment based upon a jury verdict of the Circuit Court of Jefferson County, at law. The plaintiff, appellant here, claimed damages of defendant, appellee, for personal injuries

alleged to have been sustained while in the latter's employ. The suit was based upon an alleged infraction of the Federal Safety Appliance Act.

Plaintiff was a switchman in the employment of the defendant railroad corporation and had been such for about eleven years. On the night of January 25, 1952, he was working as a field switchman on the shift beginning at midnight and ending at 8:00 A.M., when a gondola car entered the track to which it was being switched in the yards known as the Findley Yards in Birmingham, traveling about ten or twelve miles per hour. Plaintiff boarded the car and began applying the hand brake thereon for the purpose of stopping and holding the car in place. The brake was of the ratchet type, with a hand lever about two feet long. He testified that the brake could not be tightened unless the "dog" or "pawl" was in proper position; that, on this occasion, it was in proper position and he began tightening the brake by raising and lowering the hand lever, that after raising the lever several times, the brake began to tighten, but as he pulled up on the lever another time the brake suddenly released causing a severe pain in his back, as a result of which he was hospitalized and treated for a strained condition of the lower back, together with some complications.

■ The basis of appellant's suit is that his injuries were alleged to be a proximate result of the defendant's hauling or permitting to be hauled or used in its railroad line a railroad car that was equipped with an inefficient hand brake in violation of the Federal Safety Appliance Act, Title 45 U.S.C.A., § 11. A car inspector for the railroad examined the brake on this car on the same night, shortly after appellant complained of his back injury. He testified that he tightened and released the brake twice and it worked normally. He did not find anything wrong with it. He also testified about the different types of hand brakes used, and the conditions under which they will release. Dr. Chenoweth, one of the physicians who attended the plaintiff while he was suffering from his injury, testified that plaintiff had a postural condition not due to the accident, which consisted of an unusually prominent curve or sway back; that the X-ray showed no injury to the bone. He further testified that any sudden jerking or twisting movement of the back can cause back strain. Under the foregoing testimony, the question whether appellant's "injuries and damages" were sustained as a proximate result of the defendant's hauling or permitting to be hauled or used on its railroad line, a railroad car that was equipped with an inefficient hand brake in violation of the Federal Safety Appliance Act, was a question properly to be decided by the jury. Louisville & N. R. Co. v. Camp, 258 Ala. 202, 61 So.2d 448; Detroit T. & I. R. Co. v. Hahn, 6 Cir., 1931, 47 F.2d 59, certiorari denied, 1931, 283 U.S. 842, 51 S.Ct. 489, 75 L.Ed. 1452; Duryea v. Chicago, St. P. M. & O. R. Co., 1935, 194 Minn. 431, 260 N.W. 528; Spotts v. Baltimore & O. R. Co., 6 Cir., 1939, 102 F.2d 160, certiorari denied, 1939, 307 U.S. 641, 59 S.Ct. 1039, 83 L.Ed. 1522; Wild v. Pitcairn, 1941, 347 Mo. 915, 149 S.W.2d 800, certiorari denied, 1941, 314 U.S. 638, 62 S.Ct. 72, 86 L. Ed. 512. The jury found for the defendant.

The remaining assignments of error relate to the trial court's action in overruling the plaintiff's objections to two statements made by counsel for defendant during argument to the jury.

The view we take of this action of the trial court renders it unnecessary to set out the statements of which complaint is made.

■ Conceding, without deciding, that the trial court erred in overruling such objections, we are clear to the conclusion that such error, if any, should not work a reversal.

We have carefully considered the record before us in the light of the challenged statements and we cannot say that such statements resulted in substantial prejudice to the plaintiff. Birmingham Electric Co. v. Mann, 226 Ala. 379, 147 So. 165; Birmingham Electric Co. v. Perkins, 249 Ala. 426, 31 So.2d 640.

The judgment appealed from is affirmed.

Affirmed.

All the Justices concur, except SIMPSON and MAYFIELD, JJ., not sitting.

The foregoing opinion was prepared by Mr. Justice CLAYTON while a member ·of this Court and was adopted by the ·Court after his successor took office.