### Felt Haynes, Appellee, v. Century Coal Company, Appellant.

1. MINES—*duty to instruct in regard to use of sprags.* Where a driver in a mine knows how to operate the cars and how to use sprags in checking their speed upon a grade, there is no duty on the part of the mine manager to instruct him in regard thereto.

2. MINES—*duty to instruct with regard to grades.* Where a person in charge of cars in a mine is familiar with grades, there is no duty on the part of the mine manager to instruct with regard thereto where the grade in question was not unusual.

3. MINES—*evidence.* In a suit by a miner for personal injuries, a verdict based on conflicting evidence as to the sufficiency of places of refuge in the entry will not be disturbed unless clearly and manifestly against the weight of the evidence.

4. MINES—*questions for jury.* Where a count in an action by a miner charges negligence because of the insufficiency of places of refuge in the entry and because of a steep grade causing cars to run at a dangerous rate of speed, and that these conditions together were the proximate cause of injury, the questions as to such negligence and as to what was the proximate cause of the injury are properly submitted to the jury.

5. APPEAL AND ERROR—*waiver.* Defendant cannot raise the question of the absence of evidence to establish negligence complained

of, where by an instruction he has submitted the question to the jury on the evidence.

Action in case for personal injuries. Appeal from the Circuit Court of Shelby county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed April 11, 1912.

W. B. McBRIDE, for appellant; MASTIN & SHERLOCK and E. A. RICHARDSON, of counsel.

HOGAN & WALLACE, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiff against defendant to recover for injury received in defendant's mine at Tower Hill, Shelby county, which injury plaintiff alleges was occasioned by reason of the wilful neglect of defendant to comply with the statute on mines and mining.

Trial resulted in a verdict and judgment against defendant for seven hundred dollars.

The declaration originally consisted of five counts, the first two charging common law negligence were withdrawn before the cause was submitted to the jury. The third, fourth and fifth counts charged wilful neglect. The third count alleges the possession and operation of a mine at Tower Hill by defendant, that plaintiff was in its employ as a mule driver, that under section 16 of the Miner's Act, defendant was required to instruct plaintiff with reference to his duties as a mule driver, but wilfully failed to perform that duty; and directed plaintiff to haul cars along the second right entry off from the east main entry, which entry was constructed with a steep down grade, so that loaded cars acquired a dangerous rate of speed, that appellee proceeded with this work without having been given any instructions as to the grade and without having been instructed on the method or man-

ner of checking the speed of the cars, and by reason thereof the cars which he was hauling acquired such a dangerous rate of speed that when they reached the turn connecting the second right entry with the east main entry plaintiff was thrown from the car and severely injured.

The fourth count charges that the defendant did not have rooms driven at regular intervals of not exceeding twenty yards along the second right entry off from the east main entry, that there was not a space of two and one-half feet between the cars and the rib, and that under section 21 (D) of the Miner's Act, in force at the time, 1907, it became and was the duty of the defendant to cut out places of refuge in the walls of said entry, at least two and one-half feet deep, four feet wide and five feet high, at not to exceed twenty yards apart, and that defendant failed to perform this duty, and that such failure was a wilful violation of the statute, that the plaintiff in performance of his duties hauled cars in said entry in which there was a pronounced grade which permitted the cars to acquire a dangerous rate of speed and that by reason thereof the car which plaintiff was then hauling in said entry acquired a dangerous rate of speed, and that by reason of the failure to provide places of refuge along said entry plaintiff was unable to escape from the car which he was driving in his regular employment, and that by reason thereof at the turn where the said entry joins the main east entry he was thrown from the car and severely injured.

The fifth count charges the operation of a coal mine and the employment of plaintiff and that it became plaintiff's duty to pass along the second right entry off from the east main entry, which said second right entry was used for hauling coal cars on tracks lain therein, that it became the duty of the mine manager to instruct employes in their respective duties, that it was the further duty of the mine manager to visit

and inspect the various working places, and that he was required to be in charge of the general direction of the underground work; it was his duty to see that the conditions therein where plaintiff was required to pass while in such employment were reasonably safe for plaintiff to perform his duty, that it was the mine manager's duty to see that the track was laid in proper condition, that the cars were of the proper construction and repair, yet, notwithstanding its duties, defendant wilfully failed to perform the same and to make the conditions along said entry reasonably safe, but suffered a dangerous grade to exist, suffered the cars to be improperly constructed without any reasonably safe device for stopping them, permitted the entry to be without sufficient places of refuge as required by the statute, that by reason thereof plaintiff in the performance of his work driving mules hitched to a train of cars upon the grade acquired a dangerous speed and the cars not being adjusted and equipped for stopping, when they reached the turn from the second right entry on the east main entry plaintiff was thrown from his car and injured.

The evidence discloses that at the time plaintiff was injured he had been for a number of years engaged in the occupation of mining coal, that he had performed all of the duties in the mine, driving mules, mining coal and laying track and was familiar with all other duties of a miner, that he was a man of common understanding and not ignorant of the conditions which surrounded him, that he did make several trips in this entry and over this grade upon the day in question, prior to the accident, that he knew there was a grade on this track in this entry, that he knew that cars going down this grade obtained considerable momentum and speed, that he knew also that the usual and customary method, not only in this mine but in other mines in the State of Illinois, for stopping or checking the speed of cars, was by the use of sprags; that he was provided with sprags for this purpose.

The record further discloses defendant did make examination of the mines as required by the statute; the mine contained two veins of coal, one about five feet thick, one lying above the other, that the track was originally laid by ties sunk in the ground and the track laid upon the level of the mine, that after one of these veins was exhausted the track was raised for the purpose of mining the other vein; that this was the customary and usual method of conducting such work, and by reason of this elevation of the track the grade was made which caused the momentum of these cars.

In regard to the duty of the mine manager to instruct plaintiff in regard to use of sprags in the checking of speed upon the cars when used upon this grade, plaintiff knew of the use of sprags and knew how to operate the cars and check this speed by their use, and it was unnecessary for defendant to instruct him in this regard. As to the charge that the grade was not in proper condition, the evidence discloses that it was the usual grade for this character of mine, that the cars were constructed in the same manner as those ordinarily used in mines, and plaintiff was familiar with their construction and use; any instruction that might have been given by defendant would have given plaintiff no information he did not already possess.

This cause was originally heard in this court at the May term, 1910; opinion was filed October 14, 1911, and this court there held there was not sufficient evidence to sustain a recovery under the third and fifth counts of the declaration, but that the evidence in the record was sufficient to warrant a verdict and judgment upon the fourth count of the declaration, which charges that in the second right entry off from the east main entry where plaintiff was required to do his work, and which was used for the purpose of hauling coal with a mule, rooms were not driven at regular intervals as required by the statute, that there was

not a space of two and one-half feet between the cars and the rib, and that defendant did not cut places of refuge in said wall of said entry at least two and one-half feet deep, four feet wide and five feet high, not less than twenty yards apart, as required by the statute, and defendant violated the statute regarding these requirements wilfully. The evidence discloses that rooms had been cut upon one side of the entry but that as soon as these rooms ceased to be worked the entrance to these rooms was closed by bricking up the opening, and that when this was done no places were cut in the wall of the entry and no place of refuge left where employes might go to escape the passage of the cars; on the other side of the entry there had been no rooms or places of refuge cut. There is also evidence tending to show that this second right entry was so narrow that at certain portions thereof the cars struck the rib, at other places the distance between the rib and the car did not exceed one foot, that the entry was so narrow that plaintiff could not have dismounted from the car while the same was going at a high rate of speed, and if he had dismounted there was no place wherein he might have taken refuge.

In the petition for rehearing it is strenuously insisted by appellant that the holding of the court in this respect was erroneous, and that there is no evidence upon which to sustain a judgment upon the fourth count, and in support of this contention singles out portions of the record wherein the evidence of its witnesses was contrary to and conflicting with that of the plaintiff's witnesses, that upon cross examination of plaintiff's witnesses some of them made statements which it is contended were inconsistent with the statements made upon direct examination, and that this court should adopt the statements made upon cross examination and find in accordance therewith.

The evidence in this record is conflicting upon the question as to whether or not places of refuge were

cut in the walls of the second right entry; if the jury
believed the evidence of the plaintiff, then the verdict
is warranted; if the evidence of defendant's witnesses
is true, then the judgment is not warranted by the evi-
dence. Where evidence is conflicting, as in this rec-
ord, it is not the province of this court to disturb the
verdict unless it is clearly and manifestly contrary to
the evidence. Although, as an original proposition,
this court might not be inclined to have decided the
case in accordance with the verdict of the jury yet we
are not satisfied that the verdict is so clearly and mani-
festly against the evidence as to warrant its reversal
for that reason.

The fourth count not only charges failure to con-
struct places of refuge along the side of the entry but
also that the entry was narrow, that the grade therein
was so steep as to cause the cars to run at a high and
dangerous rate, and the count charges that these to-
gether constituted the negligence complained of in this
count, and that these combined conditions were the
proximate cause of the injury. We think the question
as to what was the proximate cause of the injury and
whether the defendant was negligent as alleged in this
count was properly submitted to the jury, and they
having determined this question against the contention
of appellant, we do not feel justified in disturbing their
verdict.

Appellant insists that there is no evidence in this
record tending to show any negligence as complained
of against it, yet by its instruction No. 10, which was
given as follows:

"The court further instructs the jury that even
though you may believe from the evidence that places
of refuge of the depth of two and one-half feet, of the
width of four feet and of the height of five feet or
more were not made as explained in these instructions,
still if you further believe from the evidence that the
want of such places was not the proximate cause of

the injury, then in law the plaintiff could not recover, and as to the charge of failing to furnish places of refuge you will find the defendant not guilty.''

It submitted this question to the jury upon the evidence, and it cannot now say that there was no evidence upon that question.

We find no error in the record upon the question of the admission and rejection of evidence by the trial court, or any prejudicial errors in the giving or refusing of instructions; while there are some inaccuracies in both admission of evidence and the giving of instructions, they are not such as would be prejudicial to the defendant or such as would require a reversal of this judgment.

The judgment is affirmed.