Ulysses Hutson, Appellee, v. Charles D. Flatt, Appellant.

(Not to be reported in full.)

Appeal from the Circuit Court of Franklin county; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

Statement of the Case.

Action by Ulysses Hutson against Charles D. Flatt for damages for personal injuries sustained as a result of plaintiff's horse becoming frightened at defendant's motorcycle, which was being driven along the highway at a rapid rate, and overturning the buggy. From a judgment for plaintiff, defendant appeals.

On the morning of August 19, 1913, the appellee, with his wife, was traveling on the public road leading north from Christopher in Franklin county, in a top buggy drawn by one horse. The defendant was traveling south on the same road, riding on a motorcycle. They met upon the road at the distance of about one mile from Christopher. The road at this place is narrow, of the width of twelve to fifteen feet, crossed by a stream over which is erected a bridge fifteen or twenty feet wide. At the right of the road is a ditch eighteen or twenty inches deep. At about the time plaintiff crossed the bridge in question going north, the defendant was coming south on his motorcycle and at this point passed plaintiff when plaintiff's horse became frightened, jumped to the right of the road, ran the buggy into the ditch above described, and threw the plaintiff and his wife from the buggy and injured plaintiff, to recover damages for which injury this suit was brought. It was claimed by plaintiff that at the time defendant passed him that he was driving his motorcycle at a speed of from twenty-five to forty miles an

hour, and that just about the time defendant was opposite the horse of plaintiff defendant sounded his whistle or gong and frightened the horse and caused it to throw the buggy into the ditch. The defendant denied that he was running his motorcycle at an excessive speed or that he blew the whistle when opposite plaintiff's horse, and denied that he did anything to frighten the horse.

The declaration consisted of two counts. The first count charged that the defendant operated and drove his motorcycle outside the limits of any incorporated city, village or town at a rate of speed that exceeded twenty-five miles per hour, and which rate of speed was then and there greater than was then and there reasonable and proper, and so as to endanger the life and limb of the plaintiff, and contrary to the form of the statute in such case made and provided, and in consequence thereof frightened plaintiff's horse and caused it to jump to the right side of the highway, and by means thereof the buggy was thrown into the ditch, overturned and injured plaintiff, and alleged that plaintiff was at that time in the exercise of due care for his own safety.

The second count alleged that the defendant carelessly, negligently, improperly and wrongfully operated, used and drove and rode the said motor bicycle or motor vehicle, that the said horse became frightened, overturned the buggy and injured plaintiff. To this defendant filed a plea of general issue. The evidence of the plaintiff was that defendant was driving his motorcycle upon the public highway, which was narrow, with a ditch eighteen or twenty inches deep on one side of it, at a speed from twenty-five to forty miles per hour, and that just as defendant came opposite the head of plaintiff's horse that he sounded his whistle which made an uncommon noise, scared plaintiff's horse and caused it to overturn the buggy and injure plaintiff. He was corroborated to some extent by a witness who

said: "It was not long after I heard the whistle, a second or two, until I heard the noise of the buggy turning over. When I looked around the buggy was turned over in the fence." Defendant said he did not blow the whistle at that time, but that the last time that he blew it was on top of the hill about the distance of one hundred fifty yards from where the injury occurred. Defendant was corroborated in his statement by the testimony of a witness who said he heard him blow the whistle at the top of the hill, but that he did not blow it any more.

SPILLER & MILLER and MOSES PULVERMAN, for appellant.

B. W. POPE and G. A. HICKMAN, for appellee.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 191*—*when question of fact.* Questions of negligence and due care are matters to be determined by the jury under proper instructions of the court.

2. AUTOMOBILES AND GARAGES, § 2*—*when finding as to excessive speed sustained.* In an action for damages by the owner of a horse and buggy for personal injuries received as a result of the frightening of the horse by a motorcycle while on the public highway, evidence *held* to sustain a finding that the driver of the machine was operating it at a rate greater than was reasonable and proper, having regard to the traffic and the use of the way, and so as to endanger the life and limb of another.

3. AUTOMOBILES AND GARAGES, § 2*—*when liable for frightening horse.* The driver of a motorcycle who operates his machine along the public highway at a speed greater than is reasonable and proper when approaching the driver of a restive horse at a narrow part of the highway, and alongside of which is a ditch eighteen or twenty inches deep, and sounds his whistle, making an uncommon noise, is liable for injuries sustained by the driver of the horse as a result of the horse becoming frightened and overturning the buggy in the ditch, the driver of the horse exercising due care for his own safety.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.