Second District—April, 1922.          143

Locander v. Joliet & Eastern Traction Co., 225 Ill. App. 143.

## Walter Emil Locander, Appellee, v. Joliet & Eastern Traction Company, Appellant.

### Gen. No. 7,028.

1. Guardian and ward—*demurrability of special plea questioning ward's consent to guardian's appointment.* A demurrer is properly sustained to a special plea averring that the plaintiff in a suit for injuries is a minor and that his mother is his legal custodian and has not consented to the appointment of the plaintiff bank as guardian, when such plea fails to aver that the minor is under the age of 14 years, as in such case the pleading will be most strongly construed against the pleader, and the court will assume that the minor is over the age of 14, so that he may nominate his own guardian.

2. Guardian and ward—*collateral attack on appointment of guardian.* The appointment of a guardian by a probate court cannot be attacked collaterally.

3. Street railroads—*sufficiency of evidence to support a verdict for minor bicyclist struck at crossing.* A verdict in favor of a 15-year-old bicyclist struck by a street car at a crossing will not be disturbed on the ground that it is not supported by the evidence when the plaintiff was in the exercise of due care in approaching the crossing, the view was obstructed by weeds so that the bicyclist did not see the approaching car, no signal or warning was given by the car, the car was running at a speed of 35 miles an hour, and when the questions of negligence and contributory negligence were fairly submitted to the jury.

4. Street railroads—*insufficiency of evidence to show warning of approach of car at crossing.* A contention that a witness heard the approach of a street car for a quarter of a mile, at a crossing, is not sustained when the record shows that, in response to a question as to whether she heard the noise of the car, the answer was that the witness could hear as plain as anything, and in fact such answer was not responsive.

5. Appeal and error—*remarks of counsel not contained in bill of exceptions not assignable as error.* An appellant cannot complain on appeal of remarks made by opposing counsel on a motion for a new trial, when such remarks are not contained in the bill of exceptions, the judge having no recollection of them, and the omission of the remarks cannot be excused because of a practice on the part of court reporters to leave the court room during arguments of counsel, as such practice would cease if counsel would request the presence of the reporter.

144    APPELLATE COURTS OF ILLINOIS.

Locander v. Joliet & Eastern Traction Co., 225 Ill. App. 143.

6. TRIAL—*reading declaration to jury in argument improper.* It is improper for attorneys in their argument to the jury to read the declaration or portions of it.

7. APPEAL AND ERROR—*reading declaration to jury in argument as harmless.* The act of an attorney in reading a portion of the declaration to the jury in his closing argument is harmless error, when such act was stopped by objection of the opposing counsel and it is evident that no prejudice resulted.

8. DAMAGES—*when verdict not excessive.* A verdict for $5,000 for personal injuries sustained by a bicyclist cannot be held excessive when it appears that the injured person sustained numerous cuts on the head, a broken collar bone, a lacerated knee, injuries to the genital and urinary organs, a fracture of the pelvic bone, nearly killing him, and when at the time of trial the fractured bone was decaying and draining, and the injured person's hearing had been affected.

9. RULES OF COURT—*power of court to adopt.* A court may adopt the rules needful for the proper and expeditious conduct of proceedings.

10. INSTRUCTIONS—*propriety of rule requiring submission before argument.* A rule of court requiring requested instructions to be submitted before the commencement of argument by attorneys is not unreasonable.

11. INSTRUCTIONS—*waiver of rule requiring submission before argument.* A rule of court requiring requested instructions to be submitted before the commencement of argument by attorneys is not inflexible, and may be relaxed in the discretion of the court, upon a proper showing.

12. APPEAL AND ERROR—*refusal of instructions covered by others given harmless.* The refusal of the trial court to permit the request of instructions, when there is a standing rule of court requiring such instructions to be requested before the commencement of argument by counsel, cannot be said to be an abuse of discretion, when it appears that the instructions refused were substantially covered by other given instructions.

Appeal from the Circuit Court of Will county; the Hon. ARTHUR W. DE SELM, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed April 27, 1922.

GARNSEY, WOOD & LINNON, for appellant.

FAULKNER & FAULKNER, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

Walter Emil Locander, a minor, by Commercial Trust & Savings Bank, his guardian, obtained a judgment against Joliet & Eastern Traction Company for $5,000 in an action in case for personal injuries. Appellant's traction line parallels a public highway in Will county near the Village of New Lenox. The highway or road is only a few feet south of the traction company's tracks. On the day of the accident appellee was riding a bicycle on the said public road going east at a slow rate of speed. He proceeded to a point where the highway branched off at a slight angle from the main highway and crossed appellant's tracks. Appellee followed this road which branched off from the main highway. As the front wheel of the bicycle passed over the first rail he was struck by one of the traction company's cars and seriously injured.

Appellant filed a plea of the general issue and also a special plea. By the special plea appellant averred that the plaintiff is a minor and that his mother, Mary Esther O'Brien, is his legal custodian and that she has not consented to the appointment of the Commercial Trust & Savings Bank to be his guardian nor has she consented to the commencement of this suit. The plea concluded with a verification and appellant asked to be dismissed with its reasonable costs, etc. A demurrer was interposed to this plea and sustained and we think properly so. Appellant argues that it nowhere appeared that appellee was over 14 years of age; and that his mother, who had been divorced from his father and given the custody of appellee, claimed the right of bringing a suit, if any, is brought; that section 3 of the Guardian Act [Cahill's Ill. St. ch. 64, ¶ 3] provides that if the age of a minor is above 14 years he may nominate his own guardian, who, if approved by the court, shall be appointed accordingly. The special plea does not aver that the appellee was under the age of 14 years at the time of the appointment of his guardian. Inasmuch as the pleading must be most

strongly construed against the pleader, the court was justified in assuming that the plaintiff was not under the age of 14 years at such time. In addition to this ground for sustaining the demurrer, it may be added that the appointment of the guardian by the probate court of Will county could not be attacked collaterally. (*People v. Medart*, 166 Ill. 348.)

It is next urged that the verdict is not supported by the evidence. The declaration charged general negligence in the first count and in other counts excessive speed and failure to give any signal or warning by bell, gong, whistle or otherwise of the approach of the car at said intersection of its tracks and the public highway. The evidence shows that between the highway and the railway tracks and very close to the latter there were weeds growing to the height of two and one-half to three feet; that these weeds extended along the track from a point two or three feet from the place where the highway crossed the tracks westward and near the tracks for a very considerable distance; that because of these weeds the view of the appellee as he was riding on his bicycle was obstructed and he was unable to see the approaching car. A number of witnesses were sworn and examined on behalf of the appellee and all of them testified that they were in a position to have heard a signal if any had been given and that they heard none. The appellant produced no witnesses in its own behalf and no witness testified as to the giving of any signal or warning. Counsel for appellant states that the witness, Adeline Moore, testified that she heard the train approach for a quarter of a mile. We hardly think her testimony is susceptible of that interpretation. On cross-examination she was asked this question: "Q. You heard the noise of the car? A. I can hear just as plain as anything." It will thus be seen that she does not testify that she heard the car for the full distance of one-fourth of a

mile nor that she heard it at all.   In fact her answer is not responsive to the question asked her.

The evidence also tends to show that the car was running at the rate of about 35 miles an hour and that the wind was from the southwest; that appellee, who was 15 years of age and in the full possession of his faculties, was in the exercise of due care and caution for his own safety at the time he was injured.   The question of due care on his part as well as the question of the negligence of the appellant was fairly submitted to the jury and we are unable to say after a careful examination of the record that the jury was not warranted in finding as it did.   We therefore decline to reverse the case on the facts.   (*Hutson v. Flatt,* 194 Ill. App. 29.)

Appellant complains of certain alleged remarks of counsel for appellee during the closing argument. Such alleged remarks were urged before the trial court on a motion for a new trial.   These remarks are not contained in the bill of exceptions.   In fact the trial judge who signed the bill of exceptions refused to permit them to be incorporated therein because, as he stated, he had no recollection that they were made.   In view of the state of the record, appellant is in no position to ask us to reverse this case on such ground.   The law provides for a court reporter whose duty it is to be present in court during the trial of all cases, not only when the evidence is being heard but also during the arguments of counsel, so that objectionable statements and remarks of counsel may be taken down and objections preserved of record.   It is stated by counsel here that a practice had grown up for the reporter to retire during the arguments of counsel and this is given as the reason or rather as an excuse for the failure of the alleged remarks to be incorporated in the bill of exceptions.   Even if the practice of the reporter's absenting himself during a portion of a trial does obtain, we apprehend that if the attention of the

148    APPELLATE COURTS OF ILLINOIS.

Locander v. Joliet & Eastern Traction Co., 225 Ill. App. 143.

trial court should be called to the fact and a desire expressed that the reporter remain in the room during the arguments of counsel, the practice would cease and the court reporter would be required to be at his post of duty.

During the closing argument, counsel for appellee commenced to read and did read a part of the declaration whereupon objection was interposed by the appellant and the objection was sustained. Counsel should not have attempted to read the declaration to the jury. It has been decided in this State that the jury should not take the declaration with it when it retires to consider its verdict. (*Elgin, A. & S. Traction Co. v. Wilson,* 217 Ill. 47; *Bernier v. Illinois Cent. R. Co.,* 296 Ill. 464.) Every reason which can be urged in support of this holding can also be urged with equal force against permitting counsel to read the pleadings to the jury in open court. However, as it appears from the record in this case that counsel for appellee only commenced to read the declaration when he was stopped through an objection of appellant, it is evident no prejudice resulted from the conduct of appellee's counsel.

Appellant insists that the verdict in this case is excessive. It is true that the verdict is a large one and can only be sustained in this case if the injuries received by appellee are measurable with it. The evidence of appellee's injuries and the extent of them is uncontradicted. After the accident he was taken to a hospital in Joliet where he received treatment. He was then unconscious and in a state of shock. He had numerous cuts on his head, a broken collar bone, a lacerated knee, his genital and urinary organs were injured and his left pelvic bone was fractured. He was so weak from pain and shock and so nearly dead that nothing could be done for him at the time except to administer stimulants and apply heat. On the next day his hip wound was dressed, the cut in his knee

sewed up, the broken collar bone was set and he received other treatment for his condition. He lay unconscious for about 4 days. After leaving the hospital an X-ray picture disclosed that the pelvic bone which was broken was decaying. He submitted to operation and the bone was curetted. This wound has not yet healed and appellee is still being treated because of it. The doctor who is treating him expressed his opinion that it is doubtful if he will ever recover from this hip wound as the bone is still decaying and still draining. The evidence shows that his hearing, which was good before the injury, was as a result thereof affected and he is now hard of hearing. Under these facts it cannot well be urged that the verdict in this case is excessive.

Certain instructions were tendered to the court by appellant after the final argument of counsel had begun and it is stated that they were marked "refused" because they were not tendered in apt time under a standing rule of the court requiring all instructions to be submitted before the commencement of the argument. The court has an unquestioned right to adopt needful rules for the proper and expeditious conduct of proceedings. The rule of the court here mentioned is by no means an unreasonable one and in most cases is in the interest of justice. The trial judge ought not be expected to pass with accuracy upon instructions which he has not had sufficient time to examine. To require even substantial accuracy in the matter of giving and refusing instructions in cases where the trial judge has had only a brief opportunity to examine them would be a requirement not based upon reason or justice. The said rule of court is not an inflexible rule. It may be relaxed at any time the court, in its discretion, thinks it is right to relax it. No reason is pointed out to indicate that it should have been relaxed in this instance. The abstract does not contain any other instructions than the above-mentioned

refused instructions .and we cannot say that these instructions were not substantially covered by other given instructions and further we cannot say that the court was guilty of any abuse of discretion. The verdict and judgment thereon are agreeable to our view of the case under the evidence and the law and the judgment of the circuit court is therefore affirmed.

*Affirmed.*