Carl C. Shellabarger, Appellee, v. George A. Nattier, Appellant.

Opinion filed March 4, 1937. Rehearing denied April 6, 1937.

J. Paul Carter, of Nashville, and William A. Miller, of Salem, for appellant.

Wham & Wham, of Centralia, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is an appeal by defendant to reverse a judgment for $7,000 in favor of the plaintiff, entered on the verdict of a jury in an action on the case for personal injuries, motion for new trial having been overruled.

The complaint contains three counts, and in each of them it is alleged the plaintiff was riding in W. E. Peterson's automobile as a guest and that the injuries were sustained when the defendant's automobile collided with the Peterson automobile on the paved highway a short distance east of Centralia. In the first count the defendant is charged with general negligence in the operation of his automobile; the second charges the defendant with having driven his automobile off the paved highway and against the automobile in which the plaintiff was riding; the third that the defendant was driving an automobile of the first division as described by statute and that he drove on a public highway at a speed greater than was reasonable and proper having regard to traffic and the use of the way. The statute which is alleged to have been violated is set forth in the count. Defendant denied all the charges of negligence.

As grounds for reversal, defendant contends that the court erred in admission and rejection of evidence in overruling his motions for directed verdict, in the giving and refusing of instructions and in overruling motion for a new trial.

Plaintiff introduced in evidence a free hand drawing made by Homer Easley, a witness, who observed the location of the automobiles immediately after the accident. The drawing was made before the automobiles had been moved and showed the distance they were from the pavement, the direction from each other and certain other objects referred to in the evidence. The

drawing was prepared in the presence of two persons and when Easley had completed it he asked them to attach their signatures to it as evidence of their approval of its correctness. They insisted the left front wheel of defendant's automobile was 30 inches north of the pavement instead of 24 inches as Easley had it. Correction was made and they signed it. The drawing had certain pencil notations on it which went beyond the scope of what a drawing may contain and be admissible in evidence but when it was offered in evidence plaintiff's specific objection was that it had been changed to get the witnesses' signatures. The drawing was offered in explanation of the witnesses' evidence and not as being mathematically correct. The fact that one distance which marked a measurement, thereon was changed to meet the observations of another did not destroy its admissibility. Defendant urges other objections against its admissibility, but he is limited here to the specific objection made at the trial and all others will be considered as waived. *Terre Haute & Indianapolis R. Co. v. Voelker,* 129 Ill. 540; *Village of Prairie DuRocher v. Schoening-Koenigsmark Milling Co.,* 248 Ill. 57; *People ex rel. Nelson v. Citizens State Bank,* 274 Ill. App. 468. The particular objection made was not tenable and was properly overruled.

On cross-examination of plaintiff's witness, Peterson, questions were asked as to a trip he had made to Patoka a few days after the accident. The evident purpose was for asking impeaching questions as to a conversation he had with certain persons. On redirect in answer to plaintiff's question the witness stated that he went there by appointment with the defendant. This was objected to. The inquiry should not have proceeded further but in answer to the next question he stated that he went there in reference to a settlement. This was improper but we do not con-

sider it so prejudicial as to cause a reversal. The inquiry was pursued further by this question, ''A settlement in which he would pay you or you would pay him?'' Defendant objected to the question on the grounds that it was leading. The question was not proper as calling forth matters in reference to a compromise but that reason was not assigned in the objection and is therefore waived. The question was not leading and the objection was properly overruled.

Defendant was permitted to prove that certain parts of his automobile were broken and, upon objection being made, was prevented from showing what parts had to be replaced with new parts. There was no error in this ruling.

Plaintiff testified that for a few days prior to this injury he had not been employed but that his last employment was as an accountant for which he received $110 per month. It did not appear that he had any other employment. Defendant says that proof was improper for the reason that it was not alleged in the complaint. The allegation in the complaint was that he had been and would be prevented from attending to his usual and ordinary affairs and duties and has lost and will lose divers great gains and profits he otherwise would have made and acquired. In *Chicago & E. R. Co. v. Meech,* 163 Ill. 305, after reviewing a number of decisions it was said, ''The rule deducible from the cases in this State is, that in order to recover compensation for inability to work at the plaintiff's ordinary and usual employment or business, all that is necessary in the declaration is the general averment of such inability, caused by the injury, and consequent loss and damage, and that proof of his particular employment or business and of his ordinary wages or earnings therein is admissible in evidence under such general averment, but that when it is sought to recover for loss of profits or earnings that depend upon the

performance of a special contract or engagement, then these special and particular damages, and the facts on which they are based, must be set out in the declaration.'' *Chicago Union Traction Co. v. May,* 221 Ill. 530. The evidence was properly admitted.

Defendant contends that there is no evidence tending to prove negligence and for that reason his motion for a direct verdict should have been given. The evidence discloses that the accident occurred about noon on the 31st day of May, 1935; that plaintiff as a guest of Peterson was riding with Peterson in a new automobile which Peterson had sold and was then on the way to make delivery to the purchaser. They drove in an easterly direction on the paved highway and, wishing to turn to the north into the aviation field, they first drove to the shoulder on the south side of the slab, and when another car passed, then proceeded in a northerly or north east direction across the slab toward the entrance to the aviation field. It appears that the defendant approached this place from the east and that the front of his automobile collided with the right hand side of the Peterson automobile. Plaintiff's witnesses testified that the Peterson automobile was off or practically off the slab and on the shoulder on the north side when the defendant's automobile crashed into it. Defendant and his witnesses testify that the Peterson automobile was on the slab crosswise of the west bound traffic lane. There is a similar sharp conflict as to the speed the defendant was driving and the distance he was from the crossing when the Peterson automobile started to cross the slab.

On the motion for a directed verdict the only question for the court was to determine whether or not there was in the record any evidence which with reasonable inferences to be drawn therefrom proved or tended to prove plaintiff's claim and if there was, the motion should be overruled. *Libby, McNeill & Libby*

*v. Cook,* 222 Ill. 206; *Anderson v. Chesapeake & Ohio Ry. Co.,* 352 Ill. 561. The court did not err in overruling the motion for a directed verdict.

The defendant has argued the credibility of the plaintiff's witnesses and the weight to be given to their testimony. In a case where the evidence is in conflict, as in this case, those are questions for the jury and their verdict will not be disturbed unless it is against the manifest weight of the evidence. There was ample evidence in this case to support plaintiff's theory and since it was adopted by the jury, it should be permitted to stand.

Defendant complains of the giving of plaintiff's instruction No. 6 which is as follows: "The Court instructs the jury that if the negligence of two parties proximately contributes to cause an accident, through which a third party is injured, it is not alone a defense for one of said parties to show that the other was also guilty of negligence which contributed to cause the injury to the third party, if the third party was, at and before the time of the happening of the accident, in the exercise of ordinary care."

The giving of this identical instruction was held to be reversible error in *Grifenhan v. Chicago Rys. Co.,* 299 Ill. 590. The court said as an abstract proposition of law it was not materially wrong but criticized it in assuming the defendant was guilty of negligence; that it placed the burden upon the defendant of showing the negligence of the driver of the automobile in which plaintiff was riding was the proximate cause of injury and that it did not limit the negligence of defendant to that charged in the declaration. If the words "If the negligence of two parties proximately contributes to cause an accident through which the third party is injured" is an assumption that the defendant was negligent, then the defendant fell into the same error in his fourth instruction wherein it was said "that

even though they find from the evidence that the defendant was guilty of negligence" and cannot now be heard to complain of the error of which he was likewise guilty.

Under the facts in this case we do not regard the words "it is not alone a defense for one of said parties to show that the other was guilty of negligence which contributed to cause the injuries of the third party," if the third party was in the exercise of ordinary care, as telling the jury that the burden of proof was on the defendant to show that the negligence of the other party was the proximate cause. It is a statement of the legal proposition that where two persons are guilty of negligence, either one may be liable to the one injured. The jury could not have been misled by the reference to negligence, generally, for by the fifth instruction they were limited to the negligence of the defendant as charged in the complaint or some count thereof. It was not a reversible error to give instruction number six.

Complaint is made of instruction No. 8 on the ground that it assumes the plaintiff was in the exercise of due care. The reference in the instruction as to due care is "and that as approximate result thereof the plaintiff while in the exercise of due care and caution for his own safety was injured." This is not an assumption of due care and various instructions were given which told the jury that before the plaintiff could recover he would have to prove that he was in the exercise of due care.

Complaint is made of instruction No. 9 which refers to the assessment of damages. Instruction similar in substance was approved in *Donk Bros. Coal & Coke Co. v. Thil,* 228 Ill. 233; *Chicago & Milwaukee Elec. Ry. Co. v. Ullrich,* 213 Ill. 170.

Objections are made as to the refusal of certain instructions tendered by the defendant but the court

gave 16 instructions on behalf of the defendant and they sufficiently covered all propositions of law applicable to defendant's defense.

The record is free from prejudicial errors and the judgment of the circuit court is affirmed.

*Judgment affirmed.*