Dorothy Karpluk, Appellee, v. Matt Daniszewicz, Appellant.

Gen. No. 41,662.

598

Heard in the third division of this court for the first district at the April term, 1941. Opinion filed January 7, 1942. Rehearing denied January 22, 1942.

THOMAS J. O'MALLEY, JR., of Chicago, for appellant.

SEYMOUR N. COHEN, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action for damages for injuries which the plaintiff claims she suffered as a result of an assault by the defendant. A jury in the circuit court of Cook county found defendant guilty and assessed plaintiff's damages at $2,250. The jury also returned a special finding that the assault was wilful, wanton and malicious. Defendant appeals from an order denying his motion for a directed verdict and from the judgment of the trial court entered upon the verdict.

On the night of July 24, 1938, the plaintiff was standing on the sidewalk in front of a store next to defendant's tavern on Chicago avenue in the city of Chicago. She was engaged in conversation with Mr. Kostiw, owner of the store and also owner of the dog then in the custody of the plaintiff and held by a leash attached to plaintiff's wrist. Defendant was standing in front of his tavern, hands behind him and leaning against the wall. Suddenly an incident occurred, as a result of which plaintiff was injured. Defendant's testimony is that the dog, an unfriendly animal, made a movement as though to jump at him and defendant tried to kick the dog; that Kostiw then struck the defendant who retaliated, knocking the former to the

sidewalk; that in falling, Kostiw fell upon plaintiff throwing her upon the sidewalk. He denies that he struck the plaintiff. Plaintiff contends that the defendant, without provocation, seized the dog's tail and lifting the animal up whirled it in the air and dropped it; that Kostiw then remonstrated with the defendant and was struck down; and that when the plaintiff protested, defendant struck her, knocked her down, struck her twice again and then seizing the leash dragged her across the walk.

There was evidence to support the plaintiff's case and the trial judge properly denied defendant's motion for a directed verdict.

Defendant's principal complaint is that the verdict is excessive. Viewed alone from the point of plaintiff's actual expenses which appeared to be less than $100, the complaint seems reasonable. Plaintiff's injuries, however, were rather serious. The evidence shows injuries to her head, shoulder and abdomen, with more serious injuries in the pelvic region and a sacroiliac sprain requiring plaintiff's continued use of a sacroiliac belt. The doctor testified that there is no permanent cure for a sacroiliac sprain. A consideration of these injuries lessens the force of defendant's complaint.

Most important in this case, however, is the action of the jury, finding in a special verdict that the defendant's assault upon plaintiff was wilful, wanton and malicious. Because of this finding defendant's assault became a proper subject of punitive damages. *Drohn v. Brewer,* 77 Ill. 280. In addition to allowing plaintiff her actual expenses and compensating her for the injury she received, the jury was justified in punishing the defendant for his malicious assault upon a woman. The law considers that such punishment should serve to protect plaintiff and other women against like assaults. *Shea v. Cassidy,* 257 Ill. App. 557.

The defendant contends that the evidence shows that the incident was a "flare-up" affair, unpremeditated and that no punitive damages should have been allowed. He relies principally upon the case of *Steeve v. Smith*, 153 Ill. App. 630 to support that contention. In that case the court said that nothing malicious or premeditated was present in the assault and that, therefore, the jury was not warranted in awarding vindictive damages; and that considering Mrs. Steeve's injuries only, the damages were grossly excessive. In distinguishing that case and the other cases cited by the defendant, it will suffice to say that here Mrs. Karpluk suffered injuries, there was no provocation for the assault, and the jury returned the special verdict discussed hereinabove. While defendant makes no special point of it in his argument against punitive damages, he complains no charge was made by plaintiff that the assault was premeditated. Such a charge is not necessary if the facts alleged and the proof be such as to warrant their assessment. *Taneski v. St. Louis M. B. T. Ry. Co.*, 230 Ill. App. 300. The jury found such facts present here.

No motion was made to set aside the special finding of the jury, nor was error assigned on such finding, consequently, this court is conclusively bound by such special finding. *Taake v. Eichhorst*, 344 Ill. 508. Viewed in the light of these circumstances, we believe the damages assessed against the defendant and in favor of plaintiff were not excessive.

During the trial plaintiff fainted in the presence of the jury. Defendant's counsel made a motion to withdraw a juror and "take the case from the jury under the conditions." The trial judge denied the motion saying that he saw the entire occurrence and was of the opinion that the swoon was not pretended. It is not contended by defendant that the faint was simulated. The trial court having determined that the fainting was not pretended, we cannot say that plain-

tiff was attempting to influence the jury. There was no error in denying defendant's motion. *Gourley v. Chicago & E. I. Ry. Co.*, 295 Ill. App. 160.

For the reasons given the order denying defendant's motion for a directed verdict and the judgment of the circuit court are affirmed.

*Order and judgment affirmed.*

BURKE, P. J., and HEBEL, J., concur.