### John Philpott et al., Appellees, v. Edith Parham, Appellant.

Heard in this court at the May term, 1942. Opinion filed November 2, 1942.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellant.

GEERS & GEERS, of St. Louis, Mo., for appellees.

MR. JUSTICE STONE delivered the opinion of the court.

This is an action at law brought by John Philpott, Omer Philpott, William Heaton, Sr., and Phoebe Heaton, appellees (hereinafter designated as plaintiffs), against Edith Parham, defendant (hereinafter designated as defendant) to recover for personal injuries sustained by plaintiffs, on the 13th of November, 1940, at about two o'clock p.m. when an automobile in which they were riding collided with an automobile driven by defendant.

The accident occurred on a four lane highway, near the intersection of Forty-Sixth street and State street, in the city of East St. Louis, in St. Clair county, Illinois.

The case was tried by jury, on an amended complaint consisting of four counts, one count for each

plaintiff, charging defendant with driving the automobile at excessive speed; failure to keep a proper lookout ahead; swerving from the south to the north side of the highway and colliding with the car in which plaintiffs were riding. Defendant's answer admitted operation of the automobile by defendant and denied all other allegations in the four counts of the amended complaint. The jury returned a verdict for John Philpott in the sum of $500, for Omer Philpott in the sum of $25; for William Heaton, Sr., in the sum of $150; and for Phoebe Heaton in the sum of $400. Motion for new trial was denied and judgments entered in favor of the plaintiffs, from which judgments appeal is taken to this court.

The driver of the car in which plaintiffs were passengers, William Heaton, Jr., testified on the trial of the case, that he was driving west on the four lane highway, with the four passengers in the car, at about 25 to 30 miles per hour; that just prior to the collision a truck was ahead of him, also going west. He was in the north lane and in passing another car had gotten into the south lane, and was preparing to pass the truck ahead of him, when it made a left turn into Forty-Sixth street; that he then swung the car to the right, at which time the car driven by defendant, in an easterly direction ran into the left side of his car. He estimated the speed of defendant's car at about 60 miles per hour. As to that speed he is corroborated by his father, William Heaton, Sr.

The driver of plaintiff's car testified that his car was never across the black line. In this he was corroborated by several of the passengers in his car.

Defendant, testifying in her own behalf testified that at the time of the accident she was driving her car about 35 miles an hour, going east; that plaintiff's car approaching from the east was weaving, and that she thought the driver was either drunk or had lost control of his car; that she saw that she was going to be

hit and stopped her car, and that plaintiff's car struck her car. She further testified that she closed her eyes about a second before the impact. She is uncorroborated in her theory of the accident, except by contradictory statements alleged to have been made by several of the plaintiffs, which statements are denied by them, and contradicted by the position of the cars after the collision as testified to by four witnesses testifying for defendant.

Among the exhibits introduced in evidence by defendant were photographs of her car and of defendant's car taken after the collision. We are rather inclined to the opinion that those exhibits bear out the plaintiffs, in their theory of the accident, rather than the defendant in her theory.

It is the province of the jury to weigh the evidence and determine the credibility of witnesses. This court will not substitute its judgment for the verdict of the jury unless the evidence is clearly insufficient to support the verdict. *People v. Merritt,* 367 Ill. 521; *Shellabarger v. Nattier,* 289 Ill. App. 473. The questions of negligence and due care are matters to be determined by the jury, under the proper instructions of the court. *Hutson v. Flatt,* 194 Ill. App. 29; *Kowalski v. Kelley,* 183 Ill. App. 313; *Sullivan v. William Ohlhaver Co.,* 291 Ill. 359, aff'g 214 Ill. App. 672 (Abst.); *Johnson v. Coey,* 142 Ill. App. 147, aff'd 237 Ill. 88. In the event of a conflict in the testimony, an appellate tribunal will not set aside the verdict of a jury, unless it is satisfied that the verdict is manifestly against the weight of the evidence. *Avey v. Medaris,* 272 Ill. App. 207; *Haynes v. Century Coal Co.,* 171 Ill. App. 83. We are not inclined so to hold, on the record before us. Complaint is made and it is assigned as error, that the court gave four instructions on damages, which counsel in his brief alleges were all the same. The plaintiff, Phoebe Heaton, was apparently not employed in any gainful occupation at the

time of the accident, hence the element of loss of earnings was omitted from the instruction covering her damage, so that the four instructions were not the same. We find no error in the matter of multiplicity of instructions on damages. Counsel also claims that the action of the court in giving an instruction with reference to damages sustained by plaintiff, Omer Philpott, was error. This instruction contained the phrase, "The probable duration of his said injuries, if any, which you find and believe from a preponderance of the evidence are permanent." Omer Philpott testified that he sustained cuts and bruises over one eye, and that both knees were cut and his hip injured, that he lost no time, and that the hospital rendered him a bill for one dollar. The jury by their verdict awarded this plaintiff the sum of 25 dollars. One would not be constrained to believe from the size of this verdict that the jury had been confused or misled by reason of the wording of the instruction with reference to damages in the case of this plaintiff. An instruction given the jury is not ground for reversal when, although it is not entirely free from objection, it could not have misled the jury, and the adverse party was not materially prejudiced by it. *Simon v. City of Chicago*, 279 Ill. App. 80.

Counsel maintain that this instruction, coupled with the fact that three other instructions were given on behalf of plaintiffs, confused the jury and caused them to believe that the case was more serious than it actually was and that plaintiffs were entitled to recover something. The record shows that John Philpott was out of work for about a year, as a result of the injuries sustained, making at the time of the accident $5.15 a day; he sustained a broken pelvis, one bone in his left foot was broken, he was 31 days in the hospital and had become obligated for a doctor bill of $127. The jury awarded him the sum of $500.

Plaintiff William Heaton, Sr., sustained injuries to his back, hips and left shoulder, was confined to bed for two and a half months and had a $12.50 hospital bill. The jury awarded him $150.

Plaintiff Phoebe Heaton was bruised all over; sustained injuries to her left hip; lost seven jaw teeth; had doctor, hospital, and ambulance bill aggregating $72.50 and was awarded $400. Certainly none of these amounts is excessive. We hardly think on this record, that the jury was confused as to the amount of damages by reason of any instruction of the trial court.

Finding no reversible error, the judgment of the circuit court will be affirmed.

*Affirmed.*