Mary Kulikowski, Cross Appellant, and John Sucharzewski, Appellee, v. Jacob Roth, Appellant.

Gen. No. 43,352.

14

Opinion filed November 20, 1946. Released for publication December 5, 1946.

HERBERT M. WETZEL, of Chicago, for appellant.

ANDALMAN & ANDALMAN, of Chicago, for cross appellant and for appellee.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

This is an action to recover damages for assault and battery. Judgment in the sum of $500 was entered upon the verdict of a jury in favor of one of the

plaintiffs, John Sucharzewski. The jury found the defendant not guilty as to the other plaintiff, Mary Kulikowski. Motions for a directed verdict and new trial were overruled. Defendant appeals from the judgment rendered in favor of the plaintiff John Sucharzewski. Plaintiff Mary Kulikowski has filed a cross-appeal.

The complaint and the amendment thereto allege in substance that defendant maliciously assaulted and struck plaintiffs and that malice is the gist of the action. In his answer defendant denies commission of the acts as alleged and pleads justification. For convenience, the plaintiff John Sucharzewski will be designated as ''John,'' and the plaintiff and cross appellant Mary Kulikowski will be designated as ''Mary.''

The facts are substantially as follows. On October 6, 1941, at about 11 o'clock p. m., the plaintiff John, accompanied by his wife Betty, their son Thomas, Mary his sister and her son, drove his automobile in an easterly direction in Cermak Road in the City of Chicago. At the intersection of Marshall Boulevard John stopped his automobile and waited for the red light traffic signal to change. While waiting for the change of traffic signals, defendant approached plaintiff's car, reached through an open window, and struck John in the eye as he was seated at the steering wheel. Immediately thereafter defendant ran north on Marshall Boulevard. John got out of his car and pursued defendant. When he overtook him several hundred feet north of the intersection on Marshall Boulevard, defendant struck plaintiff again, causing him to fall down. In the meantime, Mary left the automobile and came to assist her brother who was lying on the ground. As she neared the defendant she asked him, ''What did you hit him for?'' In reply defendant used abusive epithets and thereupon struck the plaintiff Mary. Shortly thereafter defendant fled to the vestibule of a nearby building, where he was arrested by

the police. Defendant testified that he did not strike John while his car was stopped at the intersection. He also testified that both plaintiffs kicked, scratched and struck him during the scuffle afterwards and that during this encounter Mary was struck accidentally by her brother John and not by defendant.

In answer to a written interrogatory the jury found that defendant wilfully and maliciously committed an assault and battery upon John as charged in the complaint and amendment; and in answer to a similar interrogatory naming the other plaintiff, Mary, the jury found adversely to her.

It is argued by defendant that the answers to the written interrogatories finding that defendant committed a wilful assault and battery on John and not on Mary show that the jury did not believe the testimony of either of the plaintiffs ''as to what happened on Marshall Boulevard after John left his automobile at the intersection.'' On the other hand, Mary maintains on her cross appeal that inasmuch as the jury believed the testimony of John's witnesses in respect to the occurrence at the intersection there is no reason for the jury disbelieving plaintiff's testimony in respect to the other assault and battery, which involved Mary, on Marshall Boulevard.

We think there is ample testimony justifying the jury's finding in favor of John alone. It may well be that the jury believed that defendant did not assault or strike Mary when she came to rescue her brother. The probative value of evidence and the conclusions to be drawn from it lies in the hands of the jury. This court will not substitute its judgment for the verdict of the jury unless the evidence is clearly insufficient to support the verdict. (*Philpott v. Parham,* 316 Ill. App. 278, 281.) In our view the answers of the jury to the interrogatories are not inconsistent with the evidence. We therefore hold that the trial court did not err in refusing to grant a new trial to Mary.

██ We turn now to the other grounds urged by defendant to reverse judgment in favor of John. Defendant complains that the court erred in permitting plaintiff to examine him under section 60 of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 184; Jones Ill. Stats. Ann. 104.060], on the ground that the present case, though civil in form, is brought to recover a further penalty for an offense against the State, and therefore in violation of section 10, article 2 of our constitution.

It appears that defendant was charged with wilful assault and battery in a complaint filed in the municipal court of Chicago arising out of the same controversy as in the case at bar, and that he was tried by the court and a jury, found guilty, and fined. Subsequently that case was appealed to this court and affirmed. (*City of Chicago v. Jacob Roth,* 322 Ill. App. 696.)

The present suit is civil in its nature, and is instituted to recover damages for the indignity, vexation, and physical injuries suffered by John. Since it is a separate and distinct tort action for damages not involving a penalty as defendant contends, it follows that calling defendant as a witness under section 60 did not constitute involuntary incrimination.

██ ██ Defendant insists that punitive damages are not recoverable unless actual damages are proved. There is evidence that John paid a physician for medical treatment and suffered loss of wages as a result of the assault and battery committed by defendant. It was therefore proper for the jury to allow punitive damages, and for the purpose of estimating damages the jury had a right to consider the financial condition of the parties. (*Schmitt v. Kurrus,* 234 Ill. 578, 581; *Karpluk v. Daniszewicz,* 312 Ill. App. 597.)

We have carefully examined the instructions complained of and in our opinion they accurately and fully state the law governing the case at bar.

For the reasons stated, the judgment in favor of John Sucharzewski in the sum of $500, and the judgment against the plaintiff Mary Kulikowski finding the defendant not guilty, are affirmed.

*Judgment affirmed.*

KILEY and BURKE, JJ., concur.